**UNITED STATES v. PROCTER & GAMBLE CO. et al.**

**Civ. A. No. 1196–52**

United States District Court
D. New Jersey.

May 11, 1953

Walker Smith, J. Fergus Belanger, Norman J. Futor, Robert Brown, Jr., and Estalla L. Baldwin, Washington, D. C., for plaintiff.

Toner, Crowley, Woelper & Vanderbilt, by Marshall Crowley, Newark, N. J., Dinsmore, Shohl, Sawyer & Dinsmore, by Richard W. Barrett, Cincinnati, Ohio, Dwight, Royall, Harris, Koegel & Caskey, by Kenneth C. Royall and H. Allen Lochner, New York City, for defendant Procter & Gamble Co.

Cahill, Gordon, Zachry & Reindel, by M. F. Correa, New York City, for defendant Colgate-Palmolive-Peet Co.

Bailey, Schenck & Bennett, Newark, N. J., Arnold, Fortas & Porter, by Abe Fortas, Washington, D. C., for defendant Lever Brothers Co.

McCarter, English & Studer, Newark, N. J., Davies, Richberg, Tydings, Beebe & Landa, Washington, D. C., by J. T. Welch, Washington, D. C., for defendant Association of American Soap & Glycerine Producers, Inc.

MODARELLI, District Judge.

The plaintiff, the United States of America, moves this court for an order requiring the defendant Procter & Gamble Company to produce certain documents, a list of

which is attached as Exhibit A to the moving papers, for inspection, copying, and photographing. It will be treated like any other motion under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Rule 34 provides:

"Upon motion of any party showing good cause therefor * * * the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control * * *."

Rule 26(b) generally provides: The deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved, and it is not ground for objection that the testimony will not be admissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. How any judge can foretell the latter result with any certainty is beyond me.

The government is required to show good cause; that the material is not privileged; and constitutes or contains evidence relating to the subject matter in the pending litigation.

The purpose of this rule is to make relevant and nonprivileged documents in the possession of one party available to the other. The rule is to be liberally construed. Baron & Holtzoff, Vol. 2, pp. 484, 485.

In a prior criminal proceeding against several defendants, one of whom was the Procter & Gamble Company who here opposes the motion to produce, the government sought these same papers and documents through grand jury subpoenas. The defendant objected, and after lengthy argument by counsel and careful deliberation by the court, Judge Forman granted the government's demand for the documents.

Defendant's counsel, both in his brief and in his argument before the court, attacks the decision in the criminal proceeding. I must remind counsel that that proceeding is not before this court. This court does not sit in review of the Chief Judge or any other judge of this district. The defendant was given ample opportunity to present his arguments before Judge Forman, whose decision indicates that the documents were necessary for the purposes of establishing the government's case.

Defendant argues that the plaintiff had possession of the documents here requested for a year and a half and has made copies and notes of them. Thus, defendant says "it would seem obvious that plaintiff is already in possession of the information sought and has no cause for production under Rule 34."

The obvious answer to this is found in defendant's "brief in opposition to plaintiff's motion for production by defendant, The Procter & Gamble Company, of documents pursuant to Rule 34 of the Rules of Civil Procedure," paragraph 29 of the affidavit of defendant's attorney, Kenneth C. Royall. He states, " * * * in this civil case in which for the first time in a definite adversary action an effort is made to use the Grand Jury documents, Procter contends that these documents were illegally obtained and cannot in this proceeding be used or ordered produced." From defendant's affidavit it would appear that the government was well advised to seek production of these documents anew in this cause to avoid the objections voiced by defendant's attorney, rather than depend upon the previous possession in the criminal action. Indeed, in Application of Bendix Aviation Corporation, D.C.S.D.N.Y.1945, 58 F.Supp. 953, where a subpoena was served upon defendant to produce voluminous documents at an inquest of a grand jury regarding a violation of the anti-trust laws, the court directed the government to return the documents. The government was required to apply for an order impounding the documents before they could be used in the subsequent civil action.

The documents sought, about 800 in number, are identified by numbers placed upon them by defendant when it produced them pursuant to the grand jury subpoenas. The court has not seen these documents nor did the defendant ever submit them for the court's inspection. The government's attorney filed a statement under oath that the exhibits " * * * are relevant or material to the issues of this cause and are needed to aid the plaintiff in the preparation of its case * * *." The fact that Judge Forman felt after extended hearings that the same documents were pertinent to the government's case in the criminal proceedings lends strong support to plaintiff's statement. Nothing which defendant's counsel has stated in his brief or his arguments before this court indicates otherwise.

Defendant argues that the government instituted criminal proceedings only as a means to the end of gaining information to be used in this civil proceeding; such use of subpoena power is illegal; and that, therefore, the documents sought cannot be used in a civil action brought by the government. No authority is cited by defendant in support of the proposition, and the court unable to find such authority does not take this to be the rule. Government's counsel stated in affidavit form that the purposes of the investigation were, first, determination whether there were violations of Sections 1, 2 and 3 of the Sherman Act, 15 U.S.C.A. §§ 1–3, or any of them, or of any other Federal anti-trust laws, and, second, determination as to what action should be taken to enforce those laws through criminal proceedings, civil proceedings or both. He further stated that the investigation and all proceedings incident to it, including the grand jury proceeding, were begun and carried on pursuant to and within instructions to accomplish those purposes. It is not for the court to criticize this procedure by a refusal to allow production of the documents requested.

The government's motion is granted.

An order may be submitted in conformity with the opinion herein expressed.