UNITED STATES of America,
Plaintiff,

v.

The PROCTER & GAMBLE COMPANY,
Colgate-Palmolive-Peet Company, Lever
Brothers Company and The Association
of American Soap and Glycerine Pro-
ducers, Inc., Defendants.

Civ. A. No. 1196-52.

United States District Court
D. New Jersey.

Jan. 14, 1954.

See also, 19 F.R.D. 122.

Raymond Del Tufo, Jr., U. S. Atty.,
Newark, N. J., by George J. Rossi, Asst.
U. S. Atty., Walker Smith, J. Fergus
Belanger, Norman J. Futor, Robert
Brown, Jr., and Estella L. Baldwin,
Attys., Dept. of Justice, Washington,
D. C., for plaintiff.

Toner, Crowley, Woelper & Vanderbilt,
by John A. Ackerman, Newark, N. J.,
for defendant Procter & Gamble.
Dwight, Royall, Harris, Koegel & Cas-
key, by Kenneth C. Royall, New York
City, Dinsmore, Shohl, Sawyer & Dins-
more, by Richard W. Barrett, Cincinnati,
Ohio, of counsel.

MODARELLI, District Judge.

This is a suit under Section 4 of the
Sherman Anti-Trust Act, 15 U.S.C.A. §
4, which Act has been called "A Charter
of Freedom" by .Chief Justice Hughes
who wrote the unanimous opinion in Ap-
palachian Coals, Inc., v. United States,
288 U.S. 344, 360, 53 S.Ct. 471, 77 L.Ed.
825, which charter was required because

of the nationalization of business in the United States. The defendant Procter & Gamble Company (hereinafter called Procter) has filed two motions: the first one entitled "Motion for return of copies and other writings"; and the second one "Motion to suppress certain documents." The motions were submitted upon briefs and affidavits of Procter and the plaintiff, oral argument having been waived by counsel for both parties.

The defendant does not move under any rules of the Federal Rules of Civil Procedure, 28 U.S.C.A., nor does it cite any persuasive authority for these unique motions. The identical documents covered by these motions are the same as those which were submitted by Procter, pursuant to a subpoena duces tecum, to a grand jury sitting in this District in 1951 and 1952, and again the subject matter of an order entered by this court in this case on May 27, 1953, on plaintiff's motion under Rule 34 of the Federal Rules of Civil Procedure. United States v. Procter & Gamble Co., D.C., 14 F.R.D. 230. The movant seeks to eliminate from the case the documents which *twice* have been ordered produced by two District Court Judges.

Movant argues that an "abuse of process" by the Department of Justice has so tainted the documents that the "only effective remedy for such abuse is to prohibit use by plaintiff against Procter for any purpose in this case of any of the documents and papers referred to in the motion." But what was the abuse of process? The process used by plaintiff was a subpoena duces tecum, which is properly used when the Department of Justice, charged by law with the duty of enforcing the antitrust laws, invokes it for the purpose of obtaining documents to be presented to a grand jury investigating possible violations of the law. The Department never saw any of the documents until Procter complied with a subpoena duces tecum issued at the outset of the criminal investigation; and the documents upon which the motions are based are the same documents that will be used by the plaintiff in the current civil action if the motions are denied. But even assuming *arguendo* that it is wrongful to issue a subpoena duces tecum solely for the purpose of obtaining evidence for use in a subsequent civil suit, Procter has not cited any authority in support therefor. The Fourth and Fifth Amendments to the Constitution are not pertinent to the motions herein.

■ In essence, Procter's argument is that evidence obtained by wrongful conduct should be excluded from a case. Assuming that such a general proposition is the law, in what way was plaintiff's conduct wrongful? Defendant asserts that the subpoena duces tecum was issued in bad faith in that plaintiff never really sought an indictment, but, that lacking the subpoena power, it used the criminal investigation as a pretense for obtaining documents upon which to base a civil case. The assertion has not been substantiated and is referred to in this opinion not because proof thereof would persuade the court to order the documents suppressed as evidence. Recently, however, a large segment of the Bar has complained that the Department of Justice has misused the grand jury in order to subpoena documents under color of criminal investigation, not looking toward an indictment, but seeking information upon which to base a civil action. If such conduct could be proved, the proper remedy is not the granting of this type of motion, which would probably result in an insurmountable obstacle to any civil action, but by a direct attack at the outset of the criminal investigation. Indirect deterrence does not outweigh enforcement of the antitrust laws. If the court were to grant these motions, would it not, in effect, forever bar a civil action? And would not the principle of law be that where documents are produced by a party pursuant to a subpoena duces tecum for consideration by a grand jury and thereafter the documents returned, no indictment having been found,

as was the case here, and subsequently a civil action is commenced by the United States against the same party and the same documents are produced pursuant to Rule 34, that nevertheless the United States must deliver to that party its "work product" based on the documents and all evidence therefrom must be suppressed. There is no authority or precedent for such a proposition, nor does this court believe that should be the law.

Motions denied.