FULLER v. KNIGHTS OF PYTHIAS.

(Filed December 10, 1901.)

1. EVIDENCE—*Privileged Communications—Physicians—Patient—Acts 1885, Ch. 159—Insurance—Practice.*

    A person in his application for insurance may waive the right to object to the evidence of a physician acquired while attending him and the physician may be compelled to testify.

2. EXAMINATION OF WITNESSES—*Evidence—Trial—Practice.*

    The practice of admitting evidence to be made competent by subsequent evidence is disapproved.

ACTION by Mamie Fuller against the Endowment Rank, Knights of Pythias, heard by Judge *Frederick Moore* and a jury, at April Term, 1901, of the Superior Court of ROBESON County.

This action was brought by the plaintiff, the widow and beneficiary, to recover the sum of $1,000 upon a policy of insurance issued upon the life of J. R. Fuller. The policy was issued and based upon the statements and agreements contained in his application, and made a part of the contract. Defendant resisted the recovery upon the grounds, first, that the death of the assured was caused or superinduced by the use of intoxicating liquors, or by the use of narcotics or opiates, in violation of the contract set out in the application; and, second, that the assured, in his application for insu-

rance, falsely stated that he was not and had not been afflicted with any disease of the heart, in breach of his warranty of the truth thereof, whereby he forfeited the benefit provided in the policy; and, upon the trial, claimed the right to prove such cause of death and false statement, by his physicians, Dr. McMillan and Dr. Pope, under a waiver contained in the application, in the following words: "And I hereby, for myself, my heirs, assigns, representatives and beneficiaries, expressly waive any and all provisions of law, now or hereafter in force, prohibiting or excusing any physician heretofore or hereafter attending me, professionally or otherwise, from disclosing or testifying to any information acquired thereby, or making such physician incompetent as a witness; and hereby consent that any such physician may testify to and disclose any information so derived or received in any suit or proceeding wherein the same may be material."

In its answer, defendants set up the application as a part of the contract (*Bobbitt v. Ins. Co.,* 66 N. C., 70), and relied upon the terms and conditions therein stated as specifically averred.

In addition to the case on appeal made out and certified on the 16th day of September, 1901, there appears the following, which counsel agreed (agreement filed in this Court) shall be inserted in and made a part of the case, to-wit:

"At the request of counsel for the defendants, and without notice to the plaintiff or her counsel, I make the following statement, to be added to the case on appeal heretofore settled in this action:

"The defendants offered the application for the policy of insurance sued on, as I now remember, as their first piece of evidence. The plaintiff objected upon the ground that the paper offered by the defendants had not been proved to be what it purported to be. Thereupon the defendants offered certain evidence for the purpose of proving it, but were un-

able to prove it. The Court then stated to the defendant's counsel that they could go on with their evidence, and that the order in which the application was introduced was of no importance. Certain exceptions to the admission and exclusion of evidence were then taken by the defendants during the examination of their witnesses. The Court made the rulings so excepted to, which appear in the statement of case on appeal heretofore settled, as though the said application had been in evidence when they were made. In other words, the Court ruled, as matters of law, that the evidence offered was competent or incompetent, as shown in the statement of case on appeal, just as it would have done if the application had been admitted before such rulings were made.

"Near the close of the defendant's evidence, the Court announced that a new trial would be ordered unless the plaintiff would withdraw her objection to said application, and such objections were then withdrawn, and the said application was admitted without objection.

"I intended to insert the foregoing statement, or a similar statement, in the case on appeal heretofore settled, immediately after the statement that the application was introduced, but inadvertently failed to do so.

"At the request of counsel for defendants, and without notice to the counsel for plaintiff, I also make the following statement, to be added to the case on appeal heretofore settled:

"During the examination of the physicians who were examined as witnesses for the defendants, as shown by the case on appeal heretofore settled, certain questions were asked by the defendants' counsel, and objected to by the plaintiff's counsel, as is shown by the case on appeal, and some of said objections were sustained by the Court, as is shown by the case on appeal. In ruling upon some of these objections,

FULLER *v.* KNIGHTS OF PYTHIAS.

the Court instructed Dr. McMillan, and perhaps the other physician, that he could not testify as to any communication made to him by the assured while he was attending the assured as his physician, and could not express an opinion based upon knowledge of the condition of the assured acquired from him while he was attending him as his physician. The defendants did not except to such instruction, but did except to the rulings of the Court upon the objections made by the plaintiff to certain of the questions which the defendants' counsel asked the witnesses, as is shown by the case on appeal. The witnesses testified as is shown by the case on appeal.

"The Court did not insert the statement last above made in the case on appeal, for the reason that the instructions given to the witnesses were not excepted to, and for the further reason that the case on appeal shows the exceptions taken by the defendants to the rulings made by the Court upon the various objections made by the plaintiff to the testimony of the physicians who were examined as witnesses for the defendants."

"As the counsel for defendant request that the foregoing statements be made and added to the case on appeal, I make the same and now direct the Clerk to copy and certify the whole of the foregoing statements, and attach the same to the case heretofore settled, before transmitting the transcript to the Supreme Court. The Clerk will first certify the record and original case on appeal in the usual manner, and will then properly certify a copy of the foregoing and attach the same to the original case on appeal. This 24th day of September, 1901. Fred. Moore, Judge," etc.

There were many exceptions taken to the exclusion of evidence, failure to give certain special instructions asked to be given, and to instructions given by the Court. A verdict

was rendered in favor of the plaintiff, and defendant appealed.

*McLean & McLean,* for the plaintiff.
*Patterson & McCormick,* for the defendant.

COOK, J., after stating the case.    Defendant's counsel insist in this Court that it did not have a fair trial, upon the grounds (in part) that it was most material to its defense to elicit from the physicians their opinions and the knowledge they possessed of the *cause* of assured's death and his true physical condition, especially as to his heart at and before the time of making the application, upon which its defense was based, which knowledge they had obtained while being his attending physicians; and that they had a right, by reason of the waiver set out in the application, to have their evidence as to those matters submitted to the jury.    But that the Court below excluded such evidence and confined them, the physicians, in their evidence to such knowledge as they had obtained otherwise than as attending physicians, under the act of 1885, Chap. 159, viz: "No person duly authorized to practice physic or surgery shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon; provided that the presiding Judge of a Superior Court may compel such disclosure if, in his opinion, the same is necessary to a proper administration of justice."

But it is contended by plaintiff's counsel that defendant did not except to the instruction by the Court to Dr. McMillan and other physicians that they could not testify as to such communications, and could not express an opinion based on such knowledge so acquired, and therefore this Court can not review such ruling.

FULLER *v.* KNIGHTS OF PYTHIAS.

The record in the case is conflicting upon this contention. While it is stated in the "supplemental statement to be added, * * * the defendant did not except to such instructions," yet it does appear in the record (pages 20, 21), upon the examination of Dr. McMillan, who was admitted to be an expert, that the following questions were propounded to him, excluded and exception taken, viz: "State, Doctor, for what purpose you administered narcotics to the deceased, John R. Fuller. * * * State, Doctor, from your attendance upon deceased, from having treated him, and from your knowledege of his habits and condition, if you can give an opinion as to the cause of his death. * * * Defendant proposed to show by this witness the purpose for which he attended him, Fuller." Excluded and exception taken. Also, upon the examination of Dr. Pope, who was admitted to be an expert: "From your knowledge of the deceased, your association with him, and your knowledge of his use of whiskey and narcotics, state what, in your opinion, was the cause of his death." Excluded upon objection, and excepted to. Also, "From what he told you when he came to you in a nervous condition, what was the cause of his nervousness?" Excluded upon objection, and excepted to.

Couple these questions with the statement of his Honor (in the "additional statement") that "the Court ruled as matters of law that the evidence was competent or incompetent, as shown in the statement of the case on appeal, just as it would have done if the application had been admitted before such rulings were made," it clearly appears to us from the record that the exception *was* taken, and became competent upon the introduction of the application *thereafter.* This practice, however, of admitting evidence out of its order, and ruling upon evidence upon the assumption that other evidence had been introduced, or that it would be afterwards, is not approved and should not be allowed. The confusion

involved in the trial of this action seems to have arisen from that cause.

The question, therefore, first requiring our decision is whether the plaintiff is bound by the waiver set out in the application, notwithstanding the statute of 1885.

At common law there is no privilege extending to the relation between patient and physician; while, as between attorney and client, the attorney entrusted with the secrets of the cause by the client shall not be compelled to give evidence of such conversation or matters of privacy, as come to his knowledge by virtue of such trust and confidence; but, with the client's *consent,* it may be waived, and he may be compelled to testify. The privilege between patient and physician created by our statute is less stringent and more lax than that of the common law between attorney and client. As between the latter, the attorney's mouth is sealed for all time (except by consent of client), and he *can not* be compelled by the Court to testify; while under our statute it *is* provided that the Judge, in furtherance of the administration of justice, *may compel* the physician to disclose the information acquired by him from his patient.

We are, therefore, of the opinion that the waiver stated in the application is good and binding upon the beneficiary, and that his Honor erred in excluding the testimony of the physician as to knowledge and information acquired from deceased while attending him professionally. This view is sustained by many authorities cited by the learned counsel of defendant, among which are *Grand Rapids v. Martin,* 41 Mich., 667; *Foley v. Royal Arcanum,* 78 Hun., 222; *Anderina v. Mutual Reserve Fund Life Asso.,* 34 Fed. Rep., 870; *Daughtery v. Life Ins. Co.,* 87 Hun., 15.

The other exceptions and assignments of error seem to have grown out, to a great extent, of the exclusion of the evidence

above stated, and causes for the same may not again arise. We therefore deem it unnecessary to pass upon them.

For the error above stated, there will have to be a new trial. New trial.