CLAUDIUS C. JOHNSTON, SR. v. UNITED INSURANCE COMPANY OF AMERICA.

(Filed 12 June 1964.)

**1. Appeal and Error § 49—**

A finding of fact will not be disturbed on exception when such finding is in no way prejudicial to appellant.

**2. Evidence § 14—**

The privileged relationship between physician and patient extends to hospital records.

**3. Same; Bill of Discovery § 1—**

The discretionary authority of "the presiding judge of a Superior Court" to compel the disclosure of the privileged portion of hospital records is limited to the judge presiding at the trial and does not extend to compelling disclosure by deposition prior to trial.

**4. Same—**

Where insured in his application for an accident policy authorizes any physician to disclose information obtained in treating insured and, after injury, insured signs an authorization that any hospital, physician, or other persons might furnish all information with respect to the treatment of insured, such authorization constitutes waiver of the statutory privilege with respect to the hospital records, G.S. 8-53, but since such records are not in the possession of insured within the meaning of G.S. 8-89, the question of whether the hospital should be required to produce the records in response to subpoena is not presented.

APPEAL by plaintiff from *Carr, J.,* November 1963 Civil Session of ALAMANCE.

Plaintiff instituted this action September 14, 1961, to recover benefits under a policy issued to him by defendant on April 30, 1958. He seeks to recover for loss of time and total disability allegedly "resulting directly and independently of all other causes from accidental bodily injury" sustained February 9, 1960. Defendant admits the policy

was issued as alleged and since then has been continuously and is now in force. It denies further liability on the claim asserted by plaintiff, alleging it has paid and tendered to plaintiff specified amounts in full discharge of its liability.

The hearing below was on defendant's motion "for an order *allowing* the defendant or its agents or attorneys to inspect and copy the hospital records of Duke University Medical Center of Duke Hospital, Durham, North Carolina, pertaining to the examination of the plaintiff, the medical history secured from him, the diagnosis and treatment of the plaintiff, and his present condition, insofar as such information relates to the injury alleged to have been suffered by the plaintiff and referred to in the complaint," (our italics) or, "if the defendant is not found to be entitled to inspect and copy the medical records, by contract," for a finding by the court "that in its opinion the disclosure of such records and the right to inspect and copy the same is necessary to a proper administration of justice in this case."

The court, after considering "the complaint and policy attached thereto, the written motion of the defendant, the 'response to motion,' filed by the plaintiff, and the argument of counsel," made findings of fact, stated conclusions of law and entered an order as follows:

"(1) That this case is duly calendared at this Term of Court on both the trial docket and the 'motion docket and non-jury cases.'

"(2) That notice of this motion was duly served on counsel for the plaintiff and on Duke University Medical Center of Duke Hospital; that no appearance was made on behalf of Duke University Medical Center of Duke Hospital, when this motion was heard.

"(3) That the defendant has requested of the plaintiff the right to inspect and copy the hospital records of Duke University Medical Center of Duke Hospital, and that plaintiff has refused such request and asserts the physician-patient privilege set forth in Chapter 8, Section 53 of the General Statutes of North Carolina.

"(4) That this is an action brought by the plaintiff against the defendant for recovery from the defendant under the terms of a health and accident policy issued to the plaintiff by the defendant, for bodily injury resulting directly and independently of all other causes from accidental bodily injury sustained; that said policy was issued on April 30, 1958.

"(5) That under date of March 20, 1958, the plaintiff signed an application for the issuance of such policy, which application became and is a part of the policy; that said application contained the following question and the answer thereto as given by the plaintiff:

'14. Do you hereby authorize any physician or other person who has attended or may attend you to disclose any information thus acquired unless prohibited by law? *Yes.*'

"(6) That after the date of his alleged injury in February, 1960, the plaintiff on the following dates, May 16, 1960, August 12, 1960, September 30, 1960, and April 13, 1961, signed authorizations as follows:

'I hereby authorize any hospital, physician or other person who has attended me, to furnish to the United Insurance Company of America, or its representatives, any and all information with respect to any sickness or injury, medical history, consultations, prescriptions or treatments and copies of all hospital or medical records. I agree that a photostatic copy of this authorization shall be considered as effective and valid as the original.'

"(7) That in the opinion of the undersigned Judge Presiding the disclosure, to the defendant, of the hospital and medical records, of Duke University Medical Center of Duke Hospital and the right to inspect and copy them, by the defendant, is necessary in order that the truth be known and justice done.

"UPON THE FOREGOING FINDINGS OF FACT, THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

"(1) That the plaintiff has waived the physician-patient privilege set forth in Chapter 8, Section 53 of the General Statutes of North Carolina, and is not now entitled to assert such privilege and prevent the defendant, or its agents, or attorneys from inspecting and copying the Medical Records of Duke University Medical Center of Duke Hospital as they relate to the injury alleged in the complaint to have been sustained by the plaintiff.

"(2) That irrespective of whether or not there has been a waiver of the physician-patient privilege referred to in Conclusion of Law No. 1 the disclosure of such records as relate to the injury alleged in the complaint is necessary to a proper administration of justice in this case and the right to inspect and copy such records at such time as they are made available by the custodian of the same in response to a subpoena duly issued and served pursuant to the statute with respect to the taking of depositions is necessary in order that the truth be known and justice done.

"Upon the foregoing Findings of Fact and Conclusions of Law, IT IS THEREFORE ORDERED that the defendant, its agents, or at-

torneys, be, and they are hereby allowed to inspect and copy such hospital records of the Duke University Medical Center of Duke Hospital as relate to the injury alleged in the complaint to have been sustained by the plaintiff at such time as said records are made available by the custodian of the same in response to a subpoena duly issued and served upon Duke University Medical Center of Duke Hospital pursuant to the statute relating to the taking of depositions."

Plaintiff noted exceptions and appealed.

*W. R. Dalton, Jr., and C. C. Cates, Jr., for plaintiff appellant.*
*Sanders & Holt for defendant appellee..*

BOBBITT, J. Plaintiff's assignments of error are based on his exceptions to Findings of Fact Nos. 2 and 7, to Conclusions of Law Nos. 1 and 2 and to the order. Plaintiff did not tender findings of fact or except to the court's failure to find additional facts.

Plaintiff excepted to the court's finding (Finding of Fact No. 2) that notice of defendant's motion was "duly" served on Duke University Medical Center of Duke Hospital on the ground "such person is not a party to this action." Plaintiff admits "such notice was actually received" by Duke University Medical Center. We perceive nothing prejudicial to plaintiff in the court's finding.

Plaintiff's exceptions to Finding of Fact No. 7 and to Conclusion of Law No. 2 may be considered together.

The statute now codified as G.S. 8-53 created a privileged relationship between physician and patient. *Capps v. Lynch,* 253 N.C. 18, 116 S.E. 2d 137, and cases cited. The extent this statutory privilege applies to hospital records is discussed by *Moore, J.,* in *Sims v. Insurance Co.,* 257 N.C. 32, 125 S.E. 2d 326.

In *Lockwood v. McCaskill,* 261 N.C. 754, 136 S.E. 2d 67, decided May 6, 1964, it was held that the words, "the presiding judge of a superior court" as used in the proviso of G.S. 8-53, refer to the superior court judge who presides at the trial. This case was calendared as stated in Finding of Fact No. 1. There was no trial. The hearing was on defendant's motion.

Under our decision in *Lockwood,* Judge Carr did not have discretionary authority under the proviso in G.S. 8-53 to compel disclosure of the privileged portion, if any, of the hospital records. Hence, there is merit in plaintiff's exceptions to Finding of Fact No. 7 and to Conclusion of Law No. 2.

The crucial question is whether the unchallenged findings of fact support Conclusion of Law No. 1 and the order. Upon the facts found,

nothing else appearing, we are of opinion, and so decide, that defendant, by reason of the authorizations set forth in Findings of Fact Nos. 5 and 6, is entitled as of right (as between plaintiff and defendant) to inspect and to copy hospital records relevant to plaintiff's claim; and that, to the extent the hospital records contain entries privileged under G.S. 8-53, such authorizations constitute a waiver of the privilege. As to waiver of privilege, see *Capps v. Lynch, supra,* and cases cited; 16 N.C.L.R. 53 *et seq.* Whether such hospital records are incompetent, in whole or in part, on grounds other than the privilege created by G.S. 8-53 is not presented.

Plaintiff contends the authorization (waiver) set out in Finding of Fact No. 5 refers only to physician(s) who attended him prior to the issuance of the policy. He cites *Bryant v. Modern Woodmen of America (Neb.),* 125 N.W. 621, 27 L.R.A. (N.S.) 326, and *Pride v. Interstate Business Men's Acc. Ass'n (Iowa),* 216 N.W. 62, 62 A.L.R. 31. In *Bryant,* the evidence related to consultations, diagnoses, etc., prior to the issuance of the policy. In *Pride,* the authorization (waiver) referred expressly to any physician or surgeon who *had been* consulted by the insured. Here, while the authorization (waiver) set out in Finding of Fact No. 5 is not as full and complete as the authorizations (waivers) considered in *Fuller v. Knights of Pythias,* 129 N.C. 318, 40 S.E. 65, and *Metropolitan Life Ins. Co. v. Brubaker (Kan.),* 96 P. 62, 18 L.A.R. (N.S.) 362, it does apply expressly to any physician who has attended *or may attend* the insured. Clearly, if and when authorized, such disclosure is not "prohibited by law" within the meaning of that phrase as used in the authorization (waiver) set out in Finding of Fact No. 5.

We need not determine whether the authorization (waiver) set out in Finding of Fact No. 5, standing alone, would be sufficient to support Conclusion of Law No. 1 and the order. Incompleteness therein, if any, is fully supplied by the full and complete authorizations (waivers) set out in Finding of Fact No. 6, all executed subsequent to the alleged injury (February 9, 1960) on which plaintiff bases this action.

The unchallenged findings of fact and Conclusion of Law No. 1 support Judge Carr's order "that the defendant, its agents, or attorneys, be, and they are hereby *allowed* to inspect and copy such hospital records of the Duke University Medical Center of Duke Hospital as relate to the injury alleged in the complaint." (Our italics). This, in effect, adjudges only that plaintiff has waived the statutory privilege (G.S. 8-53) with reference to such records. However, the records here involved are records of said Duke University Medical Center. They are not in the possession or under the control of plaintiff within the

meaning of G.S. 8-89 *et seq*. Whether Duke University Medical Center should be *required* to produce the records "in response to a subpoena duly issued and served upon Duke University Medical Center of Duke Hospital pursuant to the statute relating to the taking of depositions" was not presented. Hence, these words (quoted in the preceding *sentence*) are stricken from the order. As so modified, Judge Carr's order is affirmed.

Whether plaintiff's appeal should be dismissed as premature is not presented or considered. Compare *Buick Co. v. General Motors Corp.*, 251 N.C. 201, 110 S.E. 2d 870. Since Judge Carr's order was entered *prior to* our decision in *Lockwood*, it has seemed appropriate that the appeal be considered as properly before us.

Modified and affirmed.