**RESERVE LIFE INSURANCE COM-
PANY, Plaintiff,**

**v.**

**DAVIS HOSPITAL, INC., Defendant.**

**Civ. No. 470.**

United States District Court
W. D. North Carolina,
Statesville Division.

Jan. 11, 1965.

Charles H. Young, Young, Moore & Henderson, Raleigh, N. C., for plaintiff.

W. H. McElwee, McElwee & Hall, North Wilkesboro, N. C., for defendant.

CRAVEN, Chief Judge:

This case presents a discovery problem under Rule 34. Reserve Life Insurance Company has alleged in its complaint a cause of action in the nature of restitution. Reserve Life says that it has paid to Davis Hospital in excess of $85,000.00 over a period of three years in reliance upon representations made to it by Davis Hospital that about 900 policyholders on whose account the payments were being made had not previously had the same or similar disease or condition; that in truth many of the policyholders *had* suffered from a similar disease or condition prior to the inception of the insurance policies and that as a result Reserve Life has been caused to pay to Davis Hospital more than $10,000.00 not due under the insurance policies issued by it. Another typical contention of Reserve Life is that the form submitted by Davis Hospital may show diagnosis of acute influenza, whereas the hospital record may show acute influenza *and* alcoholism. Plaintiff contends that under its policies alcoholism is excluded so that in such a case there may have been an improper and unjustified payment required of it.

On October 3, 1963, the Honorable Wilson Warlick allowed a motion under Rule 34 of the Federal Rules of Civil Procedure to produce and permit inspection and copying by Reserve Life of certain documents in Davis Hospital. He excepted from that order "patients' private and personal history". Since the entry of the order of October 3, 1963, Reserve Life has diligently taken advantage of every discovery procedure permitted under the order. It now asks the court to extend the order of Judge Warlick to permit the examination of the excluded matter, namely private and personal history of the policyholders.

There should not be, as a matter of common sense, an "appeal" from one district judge to another. See: United States v. Proctor & Gamble Co. et al., 14 F.R.D. 230 (D.C.N.J.1953). I have therefore conferred with Judge Warlick about the entry of the order of October 3. It is his interpretation of his own order that he did not mean to deny discovery of the patients' private and personal histories, but, instead, meant merely to postpone decision to see in the future whether or not it would be necessary after the discovery permitted by him had been exhausted. I am, therefore, free to consider whether Judge Warlick's order of October 3, 1963, ought to be modified and extended.

Under Rule 34 of the Federal Rules of Civil Procedure, "[t]he moving party must show good cause for the order; the document must not be privileged; and it must be relevant, i. e. constitute or contain material evidence." Wild v. Payson, 7 F.R.D. 495 (S.D.N.Y.1946). Relevance is obvious, and good cause is apparent. The lawsuit turns upon the medical con-

dition and diagnosis of some 900 patients. It is not feasible to take the depositions of 900 persons and/or their doctors. The truth can best be determined by examination of the records of the patients at Davis Hospital.

■■ But Davis Hospital strenuously contends that such records are privileged. A short answer may be that the privilege is that of the patient—*not* the hospital. This is so despite the language of N.C.G.S. § 8–53.[1] Sims v. Charlotte Liberty Mutual Insurance Co., 257 N.C. 32, 125 S.E.2d 326 (1962); Capps v. Lynch, 253 N.C. 18, 116 S.E. 2d 137 (1960). Nor does the North Carolina statute necessarily control. Fed. R.Civ.P. 43. It is clear that a patient may waive the privilege. Johnston v.

United Insurance Co., 262 N.C. 253, 136 S.E.2d 587 (1964); Capps v. Lynch, supra, 116 S.E.2d at 141; Fuller v. Endowment Bank, Knights of Pythias, 129 N.C. 318, 40 S.E. 65; Smith v. John L. Roper Lumber Co., 147 N.C. 62, 60 S.E. 717; 1 Wigmore, Evidence, 223, Section 7(a) (3rd Ed. 1940); 58 Am.Jur. "Witnesses" Section 444.

There have been introduced to the court various forms alleged by Reserve Life to constitute effective waivers, by the policyholders, of the physician-patient privilege. Portions of these forms, e. g., the waiver provisions, are identified and set out below.[2]

Reserve Life contends that each one of these exhibits in the various 900 cases effectively waives any physician-patient privilege which may exist.

---

1. "No person, duly authorized to practice physic or surgery, shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, that the presiding judge of a superior court may compel such disclosure, if in his opinion the same is necessary to a proper administration of justice."

2. Court's Exhibit 1 (sample insurance policy): "As part of the consideration for which this policy is issued, each member of the Family Group expressly waives, on behalf of themselves or any person who shall claim under them, all provisions of law which are now in force or may hereafter be enacted forbidding any physician or any other person *who has heretofore attended or examined them, or who may hereafter attend or examine them,* from disclosing or testifying as to any knowledge or information which is thereby acquired." (Emphasis supplied)

Court's Exhibit 2 (application for hospital and surgical insurance policy): "Do you authorize any hospital, physician or any other person *who has attended or examined you* or any member of the family to be insured, to furnish Reserve Life Insurance Company (or permit its representatives to review) any and all information with respect to any

disease or injury, medical history, consultation, prescription or treatment?" (Emphasis supplied)

Court's Exhibit 3 (claim for medical care benefits on insured or dependent Form 1–100): "I hereby authorize any hospital, physician, or surgeon to furnish the Reserve Life Insurance Company any information desired." Appearing on the reverse side of this form is the following: "AUTHORIZATION TO RELEASE INFORMATION: I hereby authorize the above named hospital to release the information requested on this form."

Court's Exhibit 4 (claimant's statement numbered RLBH–2674): "All doctors of medicine and/or osteopathy and/or other healers who have examined and/or treated me, and all clinics, hospitals, and/or other institutions at which I have been a patient or an outpatient are hereby directed to allow any Representative of Reserve Life Insurance Company to personally examine and to make a copy of any and all records relative to my physical and mental condition past, present and future: and all such doctors, healers, and/or institutions are further directed upon request by Reserve Life Insurance Company to furnish to it or its Representative any and all information relative to my physical and mental condition past, present and future. A photostatic copy of this authorization shall be considered as effective and valid as the original."

■ The court, after hearing counsel and considering briefs, adjudges that *exhibit 1* (the insurance policy) is an effective waiver of the privilege. Furthermore, the language of that provision clearly indicates that the waiver is not restricted to the past or present, but extends to future communication between physician and patient, so that one who signs it waives the privilege not only as to communications in the past, but also communications which he may have in the future. See: 58 Am.Jur. 252, "Witnesses" Section 444; Falkinburg v. Prudential Insurance Co., 132 Neb. 831, 273 N.W. 478.

■ Court's *exhibit 2* (application for hospital and surgical insurance policy) is deemed to be an effective waiver of the physician-patient privilege by those who signed it; it is noted (as indicated by the italicized language of the provision) that the provision speaks only in the past tense. It is, therefore, effective as to past communication(s) only; it may not be extended beyond the clear import of the meaning of its language, hence, does not embrace subsequent communication. 58 Am.Jur. 252, "Witnesses" Section 444; Pride v. Inter-State Business Men's Accident Association, 207 Iowa 167, 216 N.W. 62; See also Annotation, 62 A.L.R. 31.

■ Court's *exhibit 3* (hospital claim form) contains two waiver provisions. One appears on the front of the form, the second on the reverse side of the form. Whether the provision appearing on the front would be sufficient as a waiver, standing alone, need not be decided. The waiver provision on the reverse side of the form is specific and effective.

Court's *exhibit 4* (claimant's statement numbered RLBH–2674) introduced by Reserve Life also constitutes an effective waiver of the privilege of nondisclosure for reasons heretofore discussed in this opinion. See 58 Am.Jur. 252, "Witnesses" Section 444.

■ The order of October 3, 1963, is modified and extended to permit Reserve Life to inspect, copy, or photograph *all* of the medical records, charts, notes, or other documents or instruments, meaning and including the entire hospital and/or physician's file, including private and personal history of each patient who has waived the physician-patient privilege; provided, however, that the plaintiff is ordered to carefully seal and keep from disclosure all such information obtained except to such persons, including counsel for defendant hospital, who must necessarily see and read it for the purposes of this lawsuit. Moreover, if there should be any material in said histories or in the hospital file which reasonably put counsel on notice that it might be personally embarrassing to any individual patient, counsel are requested to call such material to the attention of the court or Special Master so as to prevent its being read or revealed in open court, and it will be considered *in camera* by the Special Master and/or court and not otherwise divulged.

■ Since the case involves the examination of some 900 separate accounts, it is such a case as to justify the appointment of a Special Master to consider and analyze the documentary evidence with respect to each case and report upon the same to the court. Counsel may agree upon a Special Master. If no agreement is reached within fifteen days, the court will proceed to make the appointment.

■ Davis Hospital moves the court to join as party defendants the 900 patients involved in the lawsuit. Motion denied.

Motion of Davis Hospital to discover from Reserve Life certain materials as set out in defendant's motion filed September 10, 1964, is allowed, *provided only* that plaintiff shall not be required to furnish any of the work product of plaintiff's lawyer.

Defendant's interrogatories to plaintiff, by consent of defendant, are postponed, to be answered after all discovery has been completed.