GARY W. SPANGLER, Executor of The Estate of JESSICA J. SPANGLER, Plaintiff v. STEVEN E. OLCHOWSKI, M.D.; CONRAD J. R. MIRANDA, IV, M.D; SINA SURGICAL ASSOCIATES, P.A.; and ATLANTIC BARIATRIC CENTER, INCORPORATED, Defendants

No. COA07-158

(Filed 18 December 2007)

**1. Appeal and Error— appealability—discovery order—statutory privilege affects substantial right**

Although it is generally true that the appeal from discovery orders are an appeal from an interlocutory order, such orders are immediately appealable if delaying the appeal will irreparably

**SPANGLER v. OLCHOWSKI**

[187 N.C. App. 684 (2007)]

impair a substantial right of the party. When, as here, a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right and is immediately appealable.

2. **Appeal and Error— mootness—current controversy still remaining**

Defendants' motion to dismiss plaintiff's appeal as moot in a medical malpractice case is denied irrespective of whether plaintiff has agreed to produce all records through the date of 15 September 2005, because: (1) plaintiff did not appeal the 22 September 2005 order since plaintiff's reliance on an oral motion for the trial court to reconsider the 22 September 2005 order under N.C.G.S. § 1A-1, Rule 60(b) is misplaced, and plaintiff is bound by the 22 September 2005 order and must produce all medical records including the substance abuse treatment records up until 15 September 2005; and (2) a current controversy still remains concerning defendants' ability to depose decedent's substance abuse treatment providers and whether plaintiff must disclose records relating to substance abuse treatment between 15 September 2005 and 15 January 2006 since defendant Olchowski has not withdrawn his request to depose providers of substance abuse treatment and neither defendant Miranda nor defendant Atlantic Bariatric have withdrawn any discovery requests.

3. **Appeal and Error— motion to strike portions of motion to dismiss—challenged information related to procedural context**

Plaintiff's motion to strike portions of defendants' motion to dismiss in a medical malpractice case is summarily denied because the challenged information contained in defendants' motion to dismiss is related to the procedural context of the case.

4. **Medical Malpractice— disclosure of substance abuse treatment records—providers available for deposition—waiver of patient-physician privilege by placing medical condition at issue—authorization by state and federal law**

The trial court did not err in a medical malpractice case by ordering disclosure of decedent's substance abuse treatment records and by ordering plaintiff to make decedent's substance abuse treatment providers available for deposition, because: (1)

there are explicit statutory exceptions that authorize such disclosure as well as an implicit waiver by plaintiff of the protections generally afforded to confidential communications between a patient and the provider of substance abuse treatment; (2) a patient impliedly waives the patient-physician privilege by opening the door to medical history by bringing an action, counterclaim, or defense that places his medical condition at issue, and plaintiff impliedly waived the privilege under N.C.G.S. § 8-53 *et seq.* when he placed decedent's mental health and history of substance abuse at issue by bringing a claim for emotional distress; and (4) disclosure of the information under the trial court's order was also authorized by state and federal law under the exception codified in N.C.G.S. § 122C-54 and 42 C.F.R. § 2-63(a)(3); and (5) 42 C.F.R. § 2-63(a)(3) was satisfied since the records and communications related to decedent's substance abuse treatment are causally related and thus relevant to plaintiff's claim for damages, the information at issue could not be discovered other than by court order, and there was no potential injury to the patient or patient-physician relationship due to such disclosure when decedent had died.

**5. Evidence— refusal to conduct in-camera review—substance abuse records**

The trial court did not abuse its discretion in a medical malpractice case by refusing to conduct an in camera review of all of decedent's substance abuse treatment records because: (1) contrary to plaintiff's contention, N.C.G.S. § 8-53 was not relevant since plaintiff waived the patient-physician privilege related to decedent's substance abuse treatment by placing her mental and emotional health at issue; and (2) the trial court complied with 42 C.F.R. § 2.64(e)(1) since the records ordered to be disclosed were reasonably calculated to lead to the discovery of evidence relevant to the issues of emotional distress and damages and such record would only be disclosed under seal.

Appeal by plaintiff from orders entered 29 September 2006 and 13 October 2006 by Judge B. Craig Ellis in New Hanover County Superior Court. Heard in the Court of Appeals 12 September 2007.

*Jennifer L. Umbaugh; and Melissa A. Pollock for plaintiff appellant.*

*Robert S. Shields, Jr., and Jonathan T. Mlinarcik, for Steven E. Olchowski, M.D., defendant appellee.*

*Crawford & Crawford, LLP, by Robert O. Crawford III, and Renee B. Crawford, for Sina Surgical Associates, P.A., defendant appellee.*

McCULLOUGH, Judge.

On 13 November 2002, Jessica Spangler ("decedent") filed a medical malpractice action against Steven E. Olchowski, M.D. ("Olchowski"), Conrad J.R. Miranda, M.D. ("Miranda"), Sina Surgical Associates, P.A. ("Sina"), and Atlantic Bariatric Center, Inc. ("Atlantic Bariatric") (collectively "defendants"). On 15 January 2006, decedent died of unrelated causes. Her father, Gary W. Spangler, as executor of her estate, was substituted as the party-plaintiff ("plaintiff") on 10 February 2003.

The action concerns a gastric bypass surgery performed on 3 July 2001 by Olchowski, during which plaintiff alleges that Olchowski performed a modified Rutledge procedure with an afferent and efferent loop to a gastric pouch ("loop gastric bypass") instead of the laparoscopic Roux-en-y gastric bypass procedure ("RNY bypass") to which decedent had consented. The complaint alleges that after the surgery, Olchowski attempted to conceal the true nature of the procedure that he performed; that due to complications related to the 3 July 2001 surgery, decedent was forced to undergo a second procedure to revise the original surgery; and that as a result of the actions of Olchowski,

> [decedent] suffered unnecessary conscious physical pain and emotional distress; has been forced to undergo multiple painful and therapeutic and diagnostic tests and procedures and prolonged hospitalizations; was forced to undergo a major abdominal surgery; has incurred significant reasonable and necessary medical and other related expenses; had to withdraw from her college studies resulting in a delay in completing her education and financial loss; has suffered a loss of enjoyment of life[.]

During discovery, Sina filed motions to compel discovery of all medical records for the ten-year period preceding 3 July 2001, the date of decedent's surgery, and medical records up to the date of trial. During this period of time, decedent had been undergoing substance abuse treatment. On 22 September 2005, the trial judge granted Sina's motion and ordered plaintiff to produce to defendants, under seal, complete medical records from all known medical providers in their

entirety from 3 July 1991 through 15 September 2005. Plaintiff did not appeal this order.

Thereafter, on 8 May 2006, plaintiff filed a motion for a protective order, seeking: (1) to limit the time frame for production of medical records to 5 July 1991 until 15 September 2005; and (2) to protect from disclosure all medical records and health care provider testimony relating to decedent's substance abuse treatment.

A hearing on the motion was held on 25 August 2006. At this hearing, plaintiff made an oral motion, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005), for the trial judge to reconsider the 22 September 2005 order. On 29 September 2006, the trial judge ordered plaintiff to (1) produce complete, updated medical records from 15 September 2005 until 6 January 2006, the date of decedent's death; and (2) make sixteen witnesses available for deposition, including decedent's substance abuse treatment providers. On 13 October 2006, the trial judge entered an order denying plaintiff's request for the court to conduct an *in camera* review of decedent's medical records, denying plaintiff's motion to reconsider the 22 September 2005 order, and denying plaintiff's motion for a protective order to limit the scope of discovery, finding that:

   A.  Jessica Spangler's Estate is seeking damages for pain and suffering and emotional distress.

   B.  Mental suffering often results in substance abuse and records relating to substance abuse treatment may be relevant to mental pain.

   C.  In that the Plaintiff has put before the Court a claim for emotional distress, all medical records which the Plaintiff asserts are protected from disclosure under 42 CFR §2.1 [sic] *et seq.* and N.C.G.S. § 122C-52, *et seq.* are discoverable and shall be produced.

The 13 October 2006 order provides that all records tendered by plaintiff are to remain under seal pursuant to the 25 August 2006 order.

On appeal, plaintiff contends that the trial court erred by (1) ordering disclosure of decedent's substance abuse treatment records; (2) ordering plaintiff to make decedent's substance abuse treatment providers available for deposition; and (3) refusing to conduct an *in camera* review of all of decedent's substance abuse treatment

records. Defendants filed a motion to dismiss the appeal. Plaintiff filed a motion to strike portions of defendants' motion to dismiss.

## I. Defendants' Motion to Dismiss Appeal

**[1]** Defendants contend that plaintiff's appeal should be dismissed on the following grounds: (1) the orders from which plaintiff appeals are interlocutory; and (2) plaintiff's appeal is moot.

First, while it is generally true that discovery orders are interlocutory and therefore not immediately appealable, *Romig v. Jefferson-Pilot Life Ins. Co.*, 132 N.C. App. 682, 685, 513 S.E.2d 598, 600 (1999), *aff'd*, 351 N.C. 349, 524 S.E.2d 804 (2000) (*per curiam*), such orders are immediately appealable if "delaying the appeal will irreparably impair a substantial right of the party." *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999). "[W]hen, as here, a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right[.]" *Sharpe v. Worland*, 351 N.C. 159, 166, 522 S.E.2d 577, 581 (1999). Accordingly, we conclude that the orders from which plaintiff appeals affect a substantial right and are immediately appealable.

**[2]** Next, we address defendants' argument that plaintiff's appeal should be dismissed as moot given that defendants have withdrawn their requests for production of medical records from the time period of 15 September 2005 until decedent's date of death and plaintiff has either consented to production of all medical records before 15 September 2005, or in the alternative, that plaintiff has failed to preserve her objection to the 22 September 2005 order, which requires plaintiff to produce all medical records up until 15 September 2005.

Irrespective of whether plaintiff has agreed to produce all records through the date of 15 September 2005, plaintiff did not appeal the 22 September 2005 order. We have consistently held that judgments involving misapplication of the law "may be corrected only by appeal and Rule 60(b) motions cannot be used as a substitute for appeal." *Burton v. Blanton*, 107 N.C. App. 615, 617, 421 S.E.2d 381, 383 (1992). Therefore, plaintiff's reliance on an oral motion for the trial judge to reconsider the 22 September 2005 order pursuant to Rule 60(b) is misplaced. Plaintiff is bound by the 22 September 2005 order and must produce all medical records, including the substance abuse treatment records, up until 15 September 2005.

Nonetheless, because Olchowski has not withdrawn his request to depose providers of substance abuse treatment and neither Miranda nor Atlantic Bariatric have withdrawn any discovery requests, we find that a current controversy still remains as to: (1) the ability of Olchowski, Miranda, and Atlantic Bariatric to depose decedent's substance abuse treatment providers; and (2) whether plaintiff must disclose to Miranda and Atlantic Bariatric records relating to substance abuse treatment of decedent between 15 September 2005 and 15 January 2006. Accordingly, defendants' motion to dismiss is denied.

## II. Plaintiff's Motion to Strike

**[3]** Plaintiff's motion to strike portions of defendants' motion to dismiss is summarily denied, as we find that the challenged information contained in defendants' motion to dismiss is related to the procedural context of the case.

## III. Plaintiff's Substantive Appeal

### A. Disclosure of Information Relate to Substance Abuse Treatment

**[4]** First, plaintiff contends that because confidential information relating to decedent's substance abuse treatment is protected from disclosure under federal and state law, the trial court erred by denying plaintiff's motion for a protective order, and respectively, by ordering plaintiff to disclose such information. Because we find explicit statutory exceptions that authorize such disclosure as well as an implicit waiver by plaintiff of the protections generally afforded to confidential communications between a patient and the provider of substance abuse treatment, we disagree.

Since the analysis is the same with respect to all confidential information related to decedent's substance abuse treatment, we address together plaintiff's requests to prohibit depositions of decedent's substance abuse treatment providers and to exclude all records related to such treatment.

We begin the analysis with an overview of the statutory scheme. Confidential communications between a patient and provider of substance abuse treatment are generally protected from disclosure pursuant to three separate statutory and regulatory provisions: (1) the general patient-physician privilege conferred by N.C. Gen. Stat. § 8-53 (2005); (2) North Carolina's Mental Health, Developmental Disabilities, and Substance Abuse Act of 1985, N.C. Gen. Stat. § 122C-52 (2005); and (3) federal regulations, codified in 42 C.F.R.

§ 2.1 *et seq.*, promulgated pursuant to Section 408 of the Drug Abuse Prevention, Treatment, and Rehabilitation Act, 42 U.S.C. 290ee-3. " 'Statutes *in pari materia* are to be construed together, and it is a general rule that the courts must harmonize such statutes, if possible, and give effect to each, that is, all applicable laws on the same subject matter should be construed together so as to produce a harmonious body of legislation, if possible.' " *Justice v. Scheidt*, 252 N.C. 361, 363, 113 S.E.2d 709, 711 (1960) (quoting *Blowing Rock v. Gregorie*, 243 N.C. 364, 371, 90 S.E.2d 898, 904 (1956)).

### (1) North Carolina Law

North Carolina has created by statute a privilege for communications between a physician and patient. *See* N.C. Gen. Stat. § 8-53 (2005) (for doctors); *see also* N.C. Gen. Stat. § 8-53.3 (2005) (for psychologists); N.C. Gen. Stat. § 8-53.7 (2005) (for social workers); N.C. Gen. Stat. § 8-53.8 (2005) (for counselors). "It is the purpose of such statutes to induce the patient to make full disclosure that proper treatment may be given, to prevent public disclosure of socially stigmatized diseases, and in some instances to protect patients from self-incrimination." *Sims v. Insurance Co.*, 257 N.C. 32, 36, 125 S.E.2d 326, 329 (1962). The privilege "extends, not only to information orally communicated by the patient, but to knowledge obtained by the physician or surgeon through his own observation or examination while attending the patient in a professional capacity, and which was necessary to enable him to prescribe." *Smith v. Lumber Co.*, 147 N.C. 62, 64, 60 S.E. 717, 718 (1908).

This patient-physician privilege is not absolute, however, and may be waived, either by express waiver or by waiver implied from the patient's conduct. *Mims v. Wright*, 157 N.C. App. 339, 342, 578 S.E.2d 606, 609 (2003). We have recognized that a patient impliedly waives this privilege when she opens the door to her medical history by bringing an action, counterclaim, or defense that places her medical condition at issue. *Id.* at 342-43, 578 S.E.2d at 609. Here, by bringing a claim for emotional distress, which alleges that defendants' actions caused decedent to withdraw from her college studies and caused an overall loss in decedent's enjoyment of life, we find that plaintiff has placed decedent's mental health and history of substance abuse at issue. Thus, plaintiff has impliedly waived the patient-physician privilege conferred by § 8-53 *et seq.*

Our analysis must continue, as North Carolina's Mental Health, Developmental Disabilities, and Substance Abuse Act of 1985 ("the

N.C. Act") also provides patients of substance abuse treatment with "the right that no confidential information acquired [by the treatment facility] be disclosed," *except as provided by certain exceptions* codified in N.C. Gen. Stat. § 122C-53 through -56 (2005). N.C. Gen. Stat. § 122C-52(c). One of the exceptions provided in N.C. Gen. Stat. § 122C-54(a) allows disclosure of such confidential information "if a court of competent jurisdiction issues an order compelling disclosure." However, the N.C. Act expressly provides that:

> No provision of . . . G.S. 122C-53 through G.S. 122C-56 permitting disclosure of confidential information may apply to the records of a client *when federal statutes or regulations applicable to that client prohibit the disclosure of this information.*

N.C. Gen. Stat. § 122C-52(d) (emphasis added).

As discussed above, because plaintiff waived the general privilege conferred by § 8-53 *et seq.*, allowing disclosure of such generally privileged information, we conclude that disclosure of that information pursuant to the trial judge's order is also authorized by the exception codified in § 122C-54 as long as disclosure of such information is not prohibited by the federal regulations.

### (2) The Federal Regulations

Under 42 C.F.R. § 2.1 *et seq.*, the trial court may order disclosure of confidential communications related to substance abuse treatment if two conditions are met. *Fannon v. Johnston*, 88 F. Supp. 2d 753, 766, (E.D. Mich. 2000). First,

> [t]he disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications.

42 C.F.R. § 2.63(a)(3) (2005). Second, there is "good cause" for disclosure, which requires a finding that: "(1) Other ways of obtaining the information are not available or would not be effective; and (2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services." 42 C.F.R. § 2.64(d).

Like other jurisdictions, we interpret the language of § 2.63(a)(3) to require simple relevance. "If a patient's testimony is relevant or relates to the content of the confidential communications, then the regulation's standard has been met." *Fannon*, 88 F. Supp. 2d at 765;

*see also Aetna Casualty & Surety Co. v. Ridgeview Inst., Inc.*, 194 Ga. App. 805, 806, 392 S.E.2d 286, 287-88 (1990) (concluding that where a plaintiff claimed injuries he sustained in a car accident forced him to change practice areas, confidential records related to alcoholism treatment obtained during the same time period were placed at issue).

Here, as previously discussed, the records and communications related to decedent's substance abuse treatment are causally related and thus relevant to plaintiff's claim for damages. Accordingly, § 2.63(a)(3) is satisfied. Furthermore, we conclude that § 2.64(d) is satisfied, as (1) the information at issue cannot be discovered other than by court order; and (2) because decedent has died, there is no potential injury to the patient or patient-physician relationship due to such disclosure. Therefore, the federal regulations do not prohibit disclosure of the information at issue.

In sum, we conclude that neither federal nor state law prohibited the trial court from ordering disclosure of the information at issue. Accordingly, this assignment of error is overruled.

## B. *In Camera* Review

[5] Next, plaintiff contends that the trial court's decision not to conduct an *in camera* review of all of decedent's substance abuse treatment records was improper under 42 C.F.R. § 2.1 *et seq.* and N.C. Gen. Stat. § 8-53. We disagree.

"Whether to conduct an *in camera* inspection of documents appears, as a general rule, to rest in the sound discretion of the trial court." *Midgett v. Crystal Dawn Corp.*, 58 N.C. App. 734, 736, 294 S.E.2d 386, 387 (1982). Under the rules of discovery, unless otherwise limited by order of the court, a party may obtain discovery concerning any unprivileged matter as long as it is relevant to the pending action and is reasonably calculated to lead to the discovery of admissible evidence. N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (2005).

As discussed previously, by placing her mental and emotional health at issue, plaintiff has waived the patient-physician privilege conferred by N.C. Gen. Stat. § 8-53 as it relates to information concerning decedent's substance abuse treatment. Therefore, we conclude that § 8-53 is no longer relevant to our analysis.

However, 42 C.F.R. § 2.64(e)(1) provides, in pertinent part, "[a]n order authorizing a disclosure [of confidential communications relat-

IN RE T.M. & M.M., JR.

[187 N.C. App. 694 (2007)]

ing to substance abuse treatment] must: (1) Limit disclosure to those parts of the patient's record which are essential to fulfill the objective of the order." 42 C.F.R. § 2.64(e)(1) (2005). Here, the clear purpose of the trial court's order is to enable defendants to have access to information useful in developing their defense. Given that the records ordered to be disclosed are reasonably calculated to lead to the discovery of evidence relevant to the issues of emotional distress and damages and such records will only be disclosed under seal, we find that the trial court complied with 42 C.F.R. § 2.64(e)(1). As such, this assignment of error is overruled.

Affirmed.

Judges CALABRIA and STEPHENS concur.