An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-804

NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

IN THE MATTER OF THE FORECLOSURE
OF A DEED OF TRUST FROM JIMMIE L.
ECHOLS, GLORIA C. ECHOLS, VINCENT     Bertie County
BOYD, AND REPUBLIQUE, INC., DATED     No. 10 SP 78
JULY 12, 2002, RECORDED IN BOOK
799, PAGE 1, BERTIE COUNTY
REGISTRY


Appeal by respondent Jimmie L. Echols from order entered 30 January 2013 by Judge Cy A. Grant in Bertie County Superior Court.  Heard in the Court of Appeals 8 January 2014.

Poyner Spruill LLP, by Kristen P. Miller, for petitioner-appellee.

Jimmie L. Echols, pro se, for respondent-appellant.


CALABRIA, Judge.


Jimmie L. Echols ("Echols") appeals from the trial court's order denying his motion to set aside pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b).  We affirm.

On 12 July 2002, Republique, Inc., Echols, Gloria C. Echols, and Vincent Boyd (collectively "the obligors") executed a promissory note ("the note") secured by a deed of trust in

favor of Branch Banking & Trust Company ("BB&T"). The obligors failed to make their payments on the note when due and the note went into default. On 19 November 2010, BB&T, through its substitute trustee Spruillco, Ltd., initiated a foreclosure action against the obligors. On 30 December 2010, the Clerk of Superior Court entered an order finding the existence of a valid debt, that the obligors were in default of that debt, that the trustee possessed the right to foreclose, and that all required parties received notice under N.C. Gen. Stat. § 45-21.16. The Clerk authorized the trustee to proceed to foreclosure pursuant to the power of sale in the deed of trust and to proceed to give notice of and conduct a foreclosure sale.

Echols appealed the Clerk's order to the Bertie County Superior Court. The trial court conducted a *de novo* hearing on BB&T's foreclosure claim, and on 24 January 2011, entered an order dismissing Echols's appeal and ordering the foreclosure to proceed. The foreclosure sale occurred on 24 February 2011. BB&T successfully bid on the property, and there were no upset bids.

On 19 November 2012, Echols, through counsel, filed a motion to set aside the trial court's foreclosure judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2013). The

motion was based upon an alleged failure by BB&T to provide all documents necessary to establish a valid debt and default. On 30 January 2013, the trial court entered an order denying the motion. Echols appeals.

Echols argues that the trial court erred by denying his motion to set aside the trial court's foreclosure judgment pursuant to Rule 60(b). We disagree.

Initially, we note that Echols's brief attempts to argue multiple issues which were not raised before the trial court. Pursuant to N.C.R. App. P. 10(a)(1), "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make. . . ." N.C.R. App. P. 10(a)(1) (2013). Thus, Echols's new arguments are not properly before this Court, and we will not address them.

In the sole argument included in both Echols's brief and his Rule 60(b) motion, Echols contends that the trial court erred by ordering the foreclosure to proceed because BB&T failed to present the trial court with modification agreements to the original note which had been executed by BB&T and the obligors. Echols asserts that without these modification agreements, the

trial court could not properly have determined the existence of a valid debt between BB&T and Echols or a default on that debt.

Echols essentially argues that the trial court committed legal error by determining that the foreclosure should proceed because BB&T failed to present to the trial court sufficient evidence of a valid debt and default as required by N.C. Gen. Stat. § 45-21.16 (2013). However, this Court has "consistently held that judgments involving misapplication of the law may be corrected only by appeal and Rule 60(b) motions cannot be used as a substitute for appeal." *Spangler v. Olchowski*, 187 N.C. App. 684, 689, 654 S.E.2d 507, 512 (2007)(internal quotations and citation omitted). Since Echols's purely legal argument is not proper under Rule 60(b), the trial court did not err by denying his Rule 60(b) motion. *See Garrison ex rel. Chavis v. Barnes*, 117 N.C. App. 206, 210, 450 S.E.2d 554, 557 (1994) ("Therefore, because defendant attempted to use a Rule 60(b)(6) motion as a substitute for appellate review, [the trial court]'s order denying defendant's Rule 60(b)(6) motion must be affirmed."). Accordingly, the trial court's order is affirmed.

Affirmed.

Judges BRYANT and GEER concur.

Report per Rule 30(e).