IN THE MATTER OF THE WILL OF J. E. HOLCOMB.

(Filed 26 June, 1956.)

**1. Trial § 6—**

   G.S. 1-180 denies the judge presiding at a jury trial the right in any manner or in any form, by word of mouth or by action, to invade the prerogative of the jury in its right to find the facts.

**2. Same—**

   The court, after interrogating a witness in regard to his knowledge of the signature of the decedent, at issue in the case, stated that as far as the court was concerned the witness knew decedent's signature. *Held:* The endorsement of the veracity of the witness by the court constitutes prejudicial error.

APPEAL by propounder from *Mallard, J.,* September Term 1955, COLUMBUS.

Caveat proceeding.

The deceased, J. E. Holcomb, the alleged testator, was for many years a widower. Mrs. Walker, the propounder, was a widow who lived in the same community as the deceased. They associated with each other for thirteen or fourteen years prior to 16 May 1954, the date the alleged testator died.

The evidence tends to show that on 5 May 1953, the deceased undertook to execute the paper propounded in the presence of two witnesses and then deposited the paper writing in the lock box of one of the witnesses for safekeeping. Both witnesses died prior to the death of the alleged testator. This paper writing directs that Elta Gore Walker shall be paid the sum of $8,000 out of the estate of the testator. This is the only dispositive provision in the will.

After the death of the deceased, Mrs. Walker, on 13 July 1954, probated the paper writing as the last will and testament of J. E. Holcomb in common form. Thereafter the two children of the deceased filed a caveat contending that the signature of the alleged testator as it appears on said paper writing is a forgery.

After the propounder had offered her evidence in chief, the son of deceased, one of the caveators, testified in their behalf. During the progress of his examination the following occurred:

"Q Now, I will ask you whose signature appears at the bottom of that check?

A My father's.

Propounder objects unless he saw him write it. He can state as to his opinion as to whose signature it is.

COURT: What question did he ask him?

(Question was read.)

COURT: Mr. Holcomb, do you know your father's signature.

A I do.

COURT: Have you seen your father sign his name?

A I have.

COURT: You know your father's signature when you see it?

A Yes, sir.

COURT: AS FAR AS I AM CONCERNED HE KNOWS HIS FATHER'S SIGNATURE. THE OBJECTION IS OVERRULED.

BROWN: I WITHDRAW THE OBJECTION."

This witness thereafter testified that a number of checks signed in the name of J. E. Holcomb bore his signature, and it was admitted that he would testify that the signature on each of fourteen checks produced was genuine. Thereafter the witness testified that the name appearing as the maker of the will offered for probate is not in the handwriting of his father, that it is a forgery.

The jury answered the issues submitted in favor of caveators, and the propounder appealed.

*Joe W. Brown and Nance, Barrington & Collier for propounder appellant.*

*Powell, Lee & Lee for caveator appellees.*

BARNHILL, C. J. G.S. 1-180 denies the judge presiding at a jury trial the right in any manner or in any form, by word of mouth or by action, to invade the prerogative of the jury in its right to find the facts. This statute has been applied in many cases and under varying circumstances. The cases appearing in our books on the subject are too numerous to undertake to cite. However, *In re Will of Bartlett*, 235 N.C. 489, 70 S.E. 2d 482, is almost on all fours. See also *Hyder v. Battery Co., Inc.*, 242 N.C. 553, 89 S.E. 2d 124, and the multitude of other cases appearing in the Code Annotation to G.S. 1-180 and in Michie's N. C. Digest.

No doubt the trial judge, in making the remark, "As far as I am concerned he knows his father's signature," spoke somewhat spontaneously, and he temporarily forgot or overlooked the fact that the jury heard what he had said. Even so, his remark constitutes an unequivocal endorsement of the veracity of the witness, a caveator. That it was harmful to propounder is apparent. The jury answered the issues in favor of the caveators.

Perhaps it might have been better if the judge had withdrawn a juror and ordered a new trial, thus saving the time and expense of an appeal to this Court. Be that as it may, a new trial was not ordered, and the propounder presents the question here by exception duly noted and an assignment of error duly made. We must perforce hold the same for prejudicial error and grant the propounder a new trial. It is so ordered.

New trial.