THOMAS H. LACKEY, ELI A. LACKEY, JOHN C. LACKEY AND WIFE, HELEN LACKEY; ANNIE LOUISE LACKEY, AND RICHARD F. LACKEY v. THE HAMLET CITY BOARD OF EDUCATION AND THE TOWN OF HAMLET.

(Filed 2 May 1962.)

**1. Appeal and Error § 21—**

A sole assignment of error to the judgment presents the question whether error of law appears on the face of the record proper, including whether the stipulations and agreed facts are sufficient to support the judgment.

**2. Appeal and Error § 49—**

The Supreme Court will attempt to reconcile the findings of fact and stipulations so as to uphold, if possible, the judgment predicated upon them, but when the findings and stipulations are basically antagonistic, inconsistent, or contradictory as to material matters, the judgment based thereon must be vacated and the cause remanded. In this case involving construction of a deed, the complaint and the agreed facts referred to a deed executed upon one date and the exhibit was a deed executed on another date, and the record indicated that two separate deeds were executed.

APPEAL by defendant Hamlet City Board of Education from *Gwyn, J.*, in chambers 30 November 1961, RICHMOND County Superior Court.

Action to determine the title to a lot of land in the town of Hamlet heard upon stipulations and agreed facts, the material parts of which are summarized.

On 27 June 1903 E. A. Lackey and wife, Ella M. Lackey, executed and delivered to the School Trustees for the town of Hamlet a deed conveying a lot of land in the town of Hamlet, at that time owned by the grantors in fee, which deed is recorded in Book SSS, page 600, of the Richmond County Registry, and is attached to the stipulations and agreed facts, and made a part thereof. However, the deed attached to the stipulations and agreed facts, and made a part thereof, is dated 3 February 1903, and is as follows:

"THIS DEED, made this 3rd day of February, A.D. 1903 by E. A. Lackey and wife, Ella M. Lackey, of Richmond County and State of North Carolina, parties of the first part, to J. M. Jamison, D. McNair, J. S. Bishop, M. C. Freeman and Dr. H. F. Kinsman, School Trustees for the Town of Hamlet, N. C., and their successors, of Richmond County and State of North Carolina, parties of the second part;

"WITNESSETH, That said parties of the first part, in consideration of Ten Dollars to them paid by said parties of the second part the receipt of which is hereby acknowledged have

bargained and sold, and by these presents do grant, bargain, sell and convey to said School Trustees for the Town of Hamlet, N. C., and their successors and assigns, a certain tract or parcel of land in Marks Creek Township, Richmond County, State of North Carolina, adjoining the lands of Mary C. Henderson, C. C. Smith and others, and bounded as follows, viz:

"Beginning at a stake in the corner of Vance and Henderson Streets and running S. E. with said Vance Street 210 feet to a stake in Mary C. Henderson's line; thence with said Mary C. Henderson's line 210 feet S. W. to a stake in the edge of Washington Street. Thence with said Washington Street parallel with said Vance Street 210 feet to a stake in the corner of Washington and Henderson Streets; thence with said Henderson Street N. E. 210 feet to the beginning corner.

"It is also made a part of this deed that in the event of the school's disbandment (failure) that this lot of land shall revert to the original owners to wit: The said E. A. Lackey and wife, Ella M. Lackey, or their legitimate heirs, but it is also agreed that any and all improvements thereon shall remain the property of the Town of Hamlet, N. C.

"TO HAVE AND TO HOLD the aforesaid lot or parcel of land, and all privileges and appurtenances thereto belonging, to the said parties of the second part, their successors and assigns, to their only use and behoof forever, for school purposes.

"And the said parties of the first part covenant they are seized of said premises in fee and have right to convey in fee simple; that the same is free and clear from all encumbrances, and that they will warrant and will defend the said title to the same against the claims of all persons whomsoever.

"IN TESTIMONY WHEREOF, the said E. A. Lackey and Ella M. Lackey have hereunto set their hands and seals, the day and year first above written.

/s/ E. A. Lackey          (SEAL)

/s/ Ella M. Lackey          (SEAL)

ATTEST:

/s/ W. H. McDonald"

This does not appear in the stipulations and agreed facts, but does appear in the complaint and the answer of the Hamlet City Board of Education: The complaint alleges that prior to 27 June 1903 E. A. Lackey and wife, Ella M. Lackey, owned a certain lot of land in the town of Hamlet, which is described by metes and bounds, and that they by deed dated 27 June 1903, and recorded in the public registry

of Richmond County, conveyed this lot to the School Trustees for the town of Hamlet and their successors. This deed is attached to the complaint and made a part thereof. Plaintiffs pray that they be declared the owners in fee of the lot of land described in this deed by reason of the reverter provision it contains. Plaintiffs' complaint has no reference to any deed, except the deed dated 27 June 1903. The Hamlet City Board of Education in its answer admits that E. A. Lackey and wife, Ella M. Lackey, by deed dated 27 June 1903 conveyed to the School Trustees for the town of Hamlet a certain lot therein described, and attaches a copy of the deed to its answer, and makes it a part thereof. However, the deed attached to its answer, and made a part thereof, is dated 3 February 1903, and is the deed attached to the stipulations and agreed facts, and made a part thereof. The description of the lot of land conveyed in each deed is identical, and the reverter provision contained in each deed is identical, though the remaining language in each deed is not identical but substantially similar. It would seem that different lots of land were conveyed in these two deeds, and we are supported in our opinion by a resolution adopted by the Hamlet City Board of Education on 7 March 1961 to sell "two tracts of land described in those two deeds recorded in Book SSS at pages 599 and 600, respectively, Richmond County Registry," which resolution is a part of the stipulations and agreed facts, and will be copied verbatim below.

Resuming our summary of the stipulations and agreed facts:

Immediately after the delivery of the deed dated 3 February 1903 the School Trustees for the town of Hamlet erected on the lot conveyed by the deed dated 3 February 1903 a school building for the high school and grammar grades for the school district. This building was used as a public school building for the education of the children of the district until 1922. In 1922 a new high school building was constructed on other land, and the high school was thereafter conducted there. The school building situate on the lot conveyed by the Lackeys by the deed dated 3 February 1903 continued to be used as a public school building for grammar grades until 1 May 1951, when a new building for the grammar grades was constructed on other land. From 1 May 1951 until March 1961 the old school building situate on the lot conveyed by the Lackeys by the deed dated 3 February 1903 was used for storing furniture, school supplies and records. Since March 1961 the Hamlet City Board of Education has ceased to use this lot and the building thereon for any school purpose, though it has kept the building insured and in good repair.

The Hamlet City Board of Education is a body corporate organized and existing under the statutes and laws of the State, is charged by law with the administration and operation of public schools within

the territorial limits of the Hamlet Administrative School Unit, is the duly and legally appointed successor to the School Trustees for the town of Hamlet, has succeeded to and become the owner of whatever estate was conveyed to the School Trustees for the town of Hamlet by the Lackeys' deed dated 3 February 1903, and is at this time operating and maintaining public schools within the Hamlet Administrative School Unit, which includes the territory of Richmond County formerly served by the School Trustees for the town of Hamlet. Public schools within the boundaries of the Hamlet Administrative School Unit have been continuously operated and maintained from and before the year 1903 to the present time by the School Trustees for the town of Hamlet and by their legally constituted successor, the Hamlet City Board of Education.

The Hamlet City Board of Education, all members being present, at a regular meeting on 7 March 1961 unanimously adopted the following resolution:

"THAT WHEREAS, the Vance Street School property has not been used for classroom purposes since 1951 and said property has been used for storing school supplies, furniture and equipment, from 1951 to the present date; and

"WHEREAS, the upkeep and maintenance of said property and building situate thereon has resulted in a continuing expense to the Hamlet City Board of Education and will continue to result in additional expense and it appears that the storage of said school supplies, furniture and equipment can be had elsewhere at no expense to the Board; and

"WHEREAS, it appears to the best interests of the Hamlet Administrative School Unit to sell said property at public auction as provided by the General Statutes of North Carolina and use the proceeds from the sale of said property, after the payment of all expenses incident to said sale, for school purposes;

"NOW, THEREFORE, BE IT RESOLVED that the attorneys of the Hamlet Administrative School Unit be, and they hereby are instructed and directed to sell those two tracts of land described in those two deeds recorded in Book SSS at pages 599 and 600, respectively, Richmond County Registry, in accordance with the provisions of the General Statutes of North Carolina to the highest bidder, the Board reserving the right to reject the highest bid as by statute provided;

"BE IT FURTHER PROVIDED that the proceeds obtained from said sale, after payment of expenses in connection therewith, be used solely for school purposes of the Hamlet Administrative School Unit."

Pursuant to the resolution, and after due advertisement, the property described in the deed dated 3 February 1903 was offered for sale at public auction on 20 April 1961, when and where one Gulledge became the last and highest bidder. Within due time a raised bid was made, and a resale was had on 18 May 1961, when and where one Stinson became the last and highest bidder in the amount of $3,200.00. The Hamlet City Board of Education at a regular meeting on 6 June 1961 by a unanimous resolution rejected Stinson's bid as being inadequate, and resolved that efforts be made to locate a purchaser for the property at private sale for a price in excess of the public sale bid and in a sum which is an adequate price for the property. The Hamlet City Board of Education is presently endeavoring to sell the property conveyed by the Lackeys' deed dated 3 February 1903, as set forth in the resolution adopted on 6 June 1961, and to use the proceeds from its sale for the operation of the public schools and for school purposes within the territorial and jurisdictional limits of the Hamlet Administrative School Unit.

E. A. Lackey and his wife, Ella M. Lackey, are both deceased, and plaintiffs, except Helen Lackey, wife of John C. Lackey, are their only surviving heirs at law.

Based upon the stipulations and agreed facts, Judge Gwyn entered judgment to this effect: It appears that the Lackeys' deed was made upon a nominal consideration, that the overriding intent of the contracting parties was set forth, though inartfully, in the following language in the deed: "It is also made a part of this deed that in the event of the school's disbandment (failure) that this lot of land shall revert to the original owners to-wit: The said E. A. Lackey and wife, Ella M. Lackey, or their legitimate heirs, but it is also agreed that any and all improvements thereon shall remain the property of the town of Hamlet, N. C.," and that such intent as thus expressed was sufficient to create, and did create a possibility of reverter. It further appears that about March 1961 the Hamlet City Board of Education has ceased to use the property for any school purpose, and therefore the reverter became operative. Whereupon, it is adjudged that plaintiffs, with the exception of Helen Lackey, wife of John C. Lackey, as surviving heirs of E. A. Lackey and wife, Ella M. Lackey, are the owners in fee, and entitled to the possession of the lot of land described in the complaint, subject, however, to the defendant's right to remove any and all improvements thereon.

However, the land described in the complaint is the land described in the Lackeys' deed dated 27 June 1903, although an identical description appears in their deed dated 3 February 1903.

From the judgment, Hamlet City Board of Education appeals.

LACKEY *v.* BOARD OF EDUCATION.

*A. A. Reaves and Bynum & Bynum for defendant appellant, Hamlet City Board of Education.*
*Jones and Jones for plaintiff appellees.*

PARKER, J. It seems clear from the stipulations and agreed facts, as well as from the complaint and answer of the Hamlet City Board of Education, that E. A. Lackey and wife, Ella M. Lackey, conveyed one lot of land to the School Trustees for the town of Hamlet, their successors and assigns, by deed dated 3 February 1903, and another lot of land to the same grantees, their successors and assigns, by deed dated 27 June 1903, although the description of the lots conveyed by the deeds is identical. We are fortified in our assumption by the fact that the resolution adopted by the Hamlet City Board of Education on 7 March 1961, which is set forth verbatim in the stipulations and agreed facts, directed the attorneys of the Hamlet Administrative School Unit "to sell those two tracts of land described in those two deeds recorded in Book SSS at pages 599 and 600, respectively, Richmond County Registry."

The stipulations and agreed facts state that E. A. Lackey and wife, Ella M. Lackey, executed and delivered a deed dated 27 June 1903 to the School Trustees for the town of Hamlet, which deed is attached to the stipulations and agreed facts and made a part thereof, but the deed so attached is the deed from E. A. Lackey and wife, Ella M. Lackey, dated 3 February 1903. According to the stipulations and agreed facts, the school building was erected on the lot of land conveyed by the deed dated 3 February 1903, and that is the lot of land that the Hamlet City Board of Education is now trying to sell. The stipulations and agreed facts do not state that they are trying to sell the lot of land conveyed by the deed dated 27 June 1903, though the resolution of the Hamlet City Board of Education states two tracts of land were to be sold. The stipulations and agreed facts state nothing as to what use, if any, has been made by the grantees of the lot of land conveyed by the deed dated 27 June 1903. A different factual situation may exist as to the use by the grantees of the lot of land conveyed by the deed dated 27 June 1903 from the use by them of the lot of land conveyed by the deed dated 3 February 1903.

The judgment adjudges that plaintiffs by reason of the reverter provision in the deed dated 27 June 1903 are the owners in fee and entitled to the possession of the lot of land described in that deed, but the judgment is based upon stipulations and agreed facts in respect to the lot of land conveyed by the deed dated 3 February 1903.

Plaintiffs' complaint has no reference of any kind to the deed dated 3 February 1903. All their allegations in their complaint are in refer-

ence to the lot of land conveyed in the deed dated 27 June 1903, which they pray the court to decree that they own in fee and are entitled to the possession thereof by reason of the reverter provision contained in the deed.

The sole assignment of error of the Hamlet City Board of Education, the only appellant, is to the judgment. That raises the question whether an error of law appears on the face of the record proper. That includes here the question whether the stipulations and agreed facts are sufficient to support the judgment. *Webb v. Gaskins,* 255 N.C. 281, 121 S.E. 2d 564; Strong's N. C. Index, Vol. 1, Appeal and Error, sec. 21, where numerous cases are cited.

We are of opinion that the material facts set forth in the stipulations and agreed facts, when considered in connection with the plaintiffs' complaint and the appellant's answer, are in such a state of confusion, inconsistency, and conflict in respect to the two deeds and the lots therein conveyed that we cannot safely and accurately decide the question attempted to be raised on this appeal. A judgment will not be supported by findings of fact or by stipulations and agreed facts which are actually antagonistic, inconsistent, or contradictory as to material matters. *Davis v. Ludlum,* 255 N.C. 663, 122 S.E. 2d 500; 89 C.J.S., Trial, secs. 635 and 636. However, courts endeavor to reconcile findings of fact and stipulations and agreed facts as to material matters which appear to be contradictory, so as to uphold the judgment if possible, but this rule cannot be used to uphold findings of fact or stipulations and agreed facts as to material matters that are really inconsistent with each other. *Bradham v. Robinson,* 236 N.C. 589, 73 S.E. 2d 555; 89 C.J.S., *ibid.* Therefore, it is ordered that the judgment be vacated, and the case be remanded in order that the facts in respect to the two deeds and the two lots therein conveyed may be accurately and truly presented for decision.

Judgment vacated and case remanded.