ROBERT FORD NEESE v. THOMAS R. NEESE, JR.

(Filed 19 June 1968.)

1. **Evidence § 14—**

    In an action to rescind a sale of stock on the ground of mental incapacity to make the sale, plaintiff does not waive the physician-patient privilege established by G.S. 8-53 by filing a complaint detailing his mental state where the complaint contains no assertion of a communication between plaintiff and the physician or of any specific treatment given plaintiff by the physician.

2. **Same—**

    The patient does not waive the physician-patient privilege by introducing into evidence at a hearing upon an application for a temporary restraining order pursuant to G.S. 55-81 an affidavit of his physician as to his mental

capacity, and the physician may not be compeled by the opposing party to disclose privileged information at a deposition hearing held thereafter.

APPEAL by defendant from *Lupton, J.,* 11 December 1967 Civil Session of GUILFORD Superior Court.

Plaintiff is seeking to rescind the sale of 41 shares of stock in a family-owned business to the defendant, his nephew, on the grounds that he, the plaintiff, at the time of such sale was suffering from a mental condition similar to amnesia and did not have sufficient mental capacity to make the sale. Plaintiff applied for and obtained a temporary restraining order impounding the 41 shares of stock, pursuant to G.S. 55-81, and prohibiting defendant from disposing of or encumbering it pending the trial. At the hearing upon the application for a restraining order affidavits were used. Among the affidavits used by the plaintiff was one of Dr. Kenneth Epple, of Greensboro, North Carolina, specializing in psychiatry. The pertinent parts of this affidavit read as follows:

> "I have seen Mr. Neese intermittently from May of 1965 through the present time. I have studied his history and personal interviews. I have also examined the affidavits from a number of people closely associated with Mr. Neese, both in personal life and in business, regarding his behavior prior to and during the time of the stock transaction. It is my conclusion that Mr. Neese was not competent to handle the transfer of the stock at the time."

No objections or exceptions were made by the defendant to the notice to show cause, to the signing of the temporary restraining order on 30 December 1966, to the findings of and order of Judge Crissman dated 17 February 1967 impounding the stock certificate, or to continuing the restraining order pending the trial of the case.

On 4 May 1967 pursuant to G.S. 8-71, the defendant served notice on the plaintiff of the taking of "the deposition of Dr. Kenneth Epple to be read as evidence for the defendant if he so desires." At the time and place of the taking of the deposition, the plaintiff objected to questions propounded to Dr. Epple and claimed the physician-patient privilege created by G.S. 8-53. On these grounds Dr. Epple declined to answer the questions relating to his identification of certain paper writings, as to whose affidavits he had examined, as to the identification of the plaintiff, and all questions propounded to him relating to the plaintiff. Defendant then applied to the judge of superior court for an order requiring the physician

to answer. From the order of Judge Lupton denying defendant's motion, defendant appeals to this Court.

*Poteat & Franks and Jordan, Wright, Henson & Nichols by Welch Jordan for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter by James R. Turner for defendant appellant.*

MALLARD, C.J. Defendant contends that the plaintiff waived his right to invoke the physician-patient privilege when he filed a complaint detailing his mental state and also when he introduced into evidence at the hearing on the temporary restraining order several affidavits relating to his mental condition including one from Dr. Epple.

G.S. 8-53 reads:

> "No person, duly authorized to practice physic or surgery, shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, that the presiding judge of a superior court may compel such disclosure, if in his opinion the same is necessary to a proper administration of justice."

We are concerned here with the question of the interpretation of the statute and whether the plaintiff has waived his right to claim the privilege established by the statute.

In *Capps v. Lynch,* 253 N.C. 18, 116 S.E. 2d 137, we find the following:

> "The privilege established by the statute is for the benefit of the patient alone. It is not absolute; it is qualified by the statute itself. A judge of superior court at term may, in his discretion, compel disclosure of such communications if, in his opinion, it is necessary to a proper administration of justice and he so finds and enters such finding on the record. * * *

> We now come to the question of waiver of privilege. 'That this purely statutory privilege may be waived is undisputed.' 16 N. C. Law Review 54. Since the privilege is that of the patient alone, it may be waived by him and cannot be taken advantage of by any other person. Stansbury: N. C. Evidence, s. 63, p. 110. *State v. Martin, supra.*

> The waiver may be express or implied. Where the patient con-

sents that the physician be examined as a witness by the adverse party with respect to the communication, the privilege is expressly waived. The privilege may be expressly waived by contract in writing. *Fuller v. Knights of Pythias,* 129 N.C. 318, 40 S.E. 65. See also *Creech v. Woodmen of the World,* 211 N.C. 658, 191 S.E. 840.

'Unless a statute requires express waiver, the privilege may be waived by implication.' 16 N. C. Law Review 54. The North Carolina statute does not require express waiver. The privilege is waived by implication where the patient calls the physician as a witness and examines him as to patient's physical condition, where patient fails to object when the opposing party causes the physician to testify, or where the patient testifies to the communication between himself and physician. 16 N. C. Law Review 55. *Hayes v. Ricard,* 244 N.C. 313, 93 S.E. 2d 540; *State v. Litteral,* 227 N.C. 527, 43 S.E. 2d 84.

A patient may surrender his privilege in a personal injury case by testifying to the nature and extent of his injuries and the examination and treatment by the physician or surgeon. Whether the testimony of the patient amounts to a waiver of privilege depends upon the provisions of the applicable statute and the extent and ultimate materiality of the testimony given with respect to the nature, treatment and effect of he injury or ailment. The question of waiver is to be determined largely by the facts and circumstances of the particular case on trial."

In the instant case the defendant contends that the plaintiff waived the privilege when he filed a complaint alleging his mental condition. A careful scrutiny of the lengthy complaint fails to reveal any allegation therein asserting a communication between the plaintiff and the physician or any specific treatment given plaintiff by the physician.

There was no express waiver, either by words or in writing. The plaintiff has not called and examined the physician *as a witness,* although plaintiff has used an affidavit signed by the physician. The plaintiff *has not testified* as to his mental condition.

We are of the opinion and so decide that the plaintiff did not waive the physician-patient privileges in the *allegations* in his complaint as to his mental incapacity. *Capps v. Lynch, supra.*

The defendant contends that the plaintiff waived his right to invoke the physician-patient privilege when he introduced into evidence the affidavit of Dr. Epple at the hearing on 17 February 1967 before Judge Crissman on the question of whether to continue the

temporary restraining order to the final hearing. The defendant did not ask to cross-examine Dr. Epple at that hearing. The defendant did not object or except to the use of affidavits at such hearing. In fact, the record reveals that at this hearing the matter was heard upon affidavits presented by both parties. In *Gustafson v. Gustafson,* 272 N.C. 452, 158 S.E. 2d 619, which was an action for alimony and custody of children, the plaintiff made no allegations concerning the treatment given her but was adversely examined and answered questions of defendant with regard to the names of physicians and the dates and nature of the treatment prescribed by each of them. The plaintiff also used affidavits of physicians who treated her on her application for alimony *pendente lite* and custody of the children. The defendant on appeal to the Supreme Court asserted as error the denial by the judge of the superior court of his motion to take the deposition of physicians who had treated plaintiff. The Supreme Court emphasized that custody orders are temporary and held:

"It must be recalled that at the trial of the case affidavits will not be admissible and that the witnesses must appear in person. Therefore the fact that in this hearing for a *temporary* purpose the plaintiff used the affidavits of physicians who treated her does not bring into play the proviso of G.S. 8-53."

In the case before us the plaintiff used the affidavit of the physician for the purpose of obtaining a temporary restraining order pending the hearing of the case on the merits. We are of the opinion and so decide that by the use of this affidavit the plaintiff did not waive the physician-patient privilege. *Gustafson v. Gustafson, supra.*

Defendant further contends that the superior court committed error in sustaining plaintiff's objections to questions asked Dr. Epple concerning the affidavits he referred to in his affidavit introduced into evidence and to the identification of certain papers. All the pertinent circumstances on this record tend to show that Dr. Epple was a psychiatrist and that the information he had was obtained by him for the purpose of the physician-patient relationship with the plaintiff. If upon the trial of this case on its merits it should be determined by the trial judge that certain information, or papers, were not obtained by Dr. Epple for this purpose, then as a matter of right, the defendant would be entitled to examine the doctor about such. If they were obtained for such purpose, the trial judge will have the discretionary power to order disclosure.

We are of the opinion and so decide that the order of Judge Lupton is correct and should be

Affirmed.

BROCK and PARKER, JJ., concur.