Marvin MELTZER, Individually, and as father and next friend, of David Meltzer, et al., Plaintiffs-Appellants,

v.

BOARD OF PUBLIC INSTRUCTION OF ORANGE COUNTY, FLORIDA, etc., et al., Defendants-Appellees.

No. 72-2614.

United States Court of Appeals, Fifth Circuit.

June 5, 1973.

2. La.Rev.Stats., Title 15, § 824.

Jerome J. Bornstein, Orlando, Fla., for plaintiffs-appellants.

William M. Rowland, Jr., Orlando, Fla., for defendants-appellees.

Before AINSWORTH, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

This action was brought by 39 parents of children attending the public schools of Orange County, Florida, complaining of certain activities of the school system which the plaintiffs believe violate the religious freedom guarantees of the First Amendment. The parents complain that the daily opening exercises conducted in Orange County Public School System constitute a religious observance. In addition, plaintiffs contend that the school system improperly participated in the distribution of Gideon Bibles to students on the school campus. The plaintiffs' last attack is on the constitutionality of Section 231.09(2) of the Florida Statutes, F.S.A., which in literal terms requires the teaching of "Christian virtue." [1] We remand to the district court with directions to bring the record up to date and make additional findings of fact and conclusions of law.

■ The several orders of the district court, while concluding that the school's activities are not inconsistent with constitutional standards, make no findings of fact as to the nature of these day-opening devotional or inspirational exercises. Thus, on the record before us, we cannot determine whether or not the practices are prohibited by the Constitution. *See* Hawkins v. Coleman, 475 F.2d 1278 (5th Cir. 1973). Nor has the court furnished us any guide as to the nature or extent of the school system's participation in the distribution of Gideon Bibles to school children on campus.

■ In addition, the plaintiffs sought the appointment of a three-judge dis-

---

1. The statute reads as follows:
   231.09 Duties of instructional personnel
   Members of the instructional staff of the public schools, subject to the rules and regulations of the state board and of the school board, shall perform the following functions:

   (2) Example for pupils.—Labor faithfully and earnestly for the advancement of the pupils in their studies, deportment and morals, and embrace every opportunity to inculcate, by precept and example, the principles of truth, honesty and patriotism and the practice of every Christian virtue.

   \* \* \* \* \*

trict court to review the constitutionality of Fla.Stat. § 231.09(2), F.S.A. After first indicating that a request would be submitted to the Chief Judge of the circuit for designation of a three-judge court, the district court reversed its position and found that there was no case or controversy requiring submission to a three-judge court. In so ruling it concluded that "plaintiffs' only complaint is with the way in which the statute is written and not with its present application." Counsel for plaintiffs has been unable to direct this court's attention to any facts tending to show that the statute has been or will be applied. In short, the plaintiffs have made no showing whatsoever of any foreseeable irreparable injury which would merit injunctive relief. Construing the three-judge court statutes strictly and technically as we must, Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941), we therefore affirm the decision of the district court that the complaint does not raise a substantial constitutional question requiring the convening of a three-judge court. *See* Hunt v. Rodriguez, 462 F.2d 659, on rehearing, 468 F.2d 615 (5th Cir. 1972); Tyler v. Russel, 410 F.2d 490 (10th Cir. 1969).

Insofar as the complaint seeks a judgment declaring the statute unconstitutional, as opposed to injunctive relief, the cause must be remanded to the district court. Having properly determined that the face of the complaint would not support injunctive relief and thus that there was no necessity for three-judge action, the single district judge had jurisdiction to consider the plaintiffs' non-statutory claims and the prayer for a declaratory judgment as to the invalidity of the statute. Lyons v. Davoren, 402 F.2d 890 (1st Cir. 1968), cert. denied, 393 U.S. 1081, 89 S.Ct. 861, 21 L.Ed.2d 774 (1969). The court's order of May 24, 1972, though couched partly in terms of the appropriateness of declaratory relief, resolved only the question that "there is no present case or controversy *requiring submission to a three-judge court."* (Emphasis added.) On remand the court shall bring the record up to date so that it can determine whether there is an actual case or controversy now existing such as would invest the cause with a minimum constitutional jurisdiction base to permit adjudication of the prayer for declaratory relief. We express no opinion whatsoever as to whether the necessary substantial controversy between adverse litigants exists here.

Finally, if single judge injunctive relief appears appropriate, the district court must clarify the requirements of the May 24, 1972, order providing for "continued compliance by defendants with the rulings set forth in this court's order of December 4, 1970." As it now stands, this provision fails to meet the requirements of F.R.Civ.P. 65(d), which requires *inter alia* that injunctive orders "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained."

Affirmed in part, vacated in part, and remanded.