IN THE MATTER OF: THE WILL OF FLETA YORK, DECEASED

No. 7318SC284

(Filed 13 June 1973)

Trial § 10; Wills § 23— caveat proceeding — expression of opinion by court

In a caveat proceeding wherein the court submitted to the jury issues of (1) proper execution, (2) mental capacity, (3) undue influence, and (4) *devisavit vel non,* it had been stipulated that the clerk could take the verdict in the absence of the judge, the jury returned to the courtroom on Friday afternoon while the judge was absent and the clerk read the jury's answers to the first two issues in favor of

the propounders, a member of the jury stated that they hadn't finished yet and wished to ask the judge a question, the jury was dismissed and returned the following Monday when the judge, upon the jury's request, again charged on the third issue, and the jury resumed its deliberations, the trial judge expressed an opinion on the evidence in violation of G.S. 1A-1, Rule 51(a), when he thereafter instructed the jury that they still had the right to change their answers to the first issues, the jury subsequently returning a verdict changing their answer to the second issue from yes to no.

APPEAL by propounder from *Crissman, Judge,* 4 September 1972 Civil Session of GUILFORD Superior Court.

This caveat proceeding, contesting the purported last will and testament of Fleta York, was instituted by her brother and a niece and nephew. The purported will bequeathed $300 to a church, devised and bequeathed all other property of decedent to her nephew, Albert Y. Riddle, and designated his wife to serve as executrix.

Following the presentation of evidence by propounders and caveators, the following issues were submitted to the jury:

"I. Was the paper writing propounded, dated the 21st day of September, 1970 executed by Fleta York according to the formalities of the law required to make a valid last will and testament?

II. At the time of the execution of this paper writing did Fleta York have the mental capacity to make a valid last will and testament?

III. Was the execution of this paper writing propounded in this case procured by the undue influence of either Helen Riddle or Albert Riddle?

IV. Is the paper writing propounded, dated the 21st day of September, 1970, and each and every part thereof the last will and testament of Fleta York, deceased?"

The court accepted a verdict answering the first issue yes and the second issue no and entered judgment in favor of caveators. Propounder appealed.

*Henson, Donahue & Elrod by Perry C. Henson and Daniel W. Donahue for caveators appellees.*

*Dees, Johnson, Tart, Giles & Tedder by J. Sam Johnson, Jr., for propounders appellants.*

BRITT, Judge.

Propounders assign as error certain instructions of the court to the jury. A review of the proceedings leading up to the instruction challenged by Exception No. 30 is necessary for a proper understanding of the exception.

The record reveals the following: At 4:00 p.m. on Friday, the jury in this case had been deliberating for some time and at that time the trial judge announced that he had a commitment which made it absolutely necessary that he leave. The parties agreed that the judge could absent himself from the court while the jury was deliberating and if the jury returned with a verdict, the verdict could be taken by the Clerk in the absence of the judge with the same legal effect as if taken by the judge. The parties further agreed that in the event the jury returned to the courtroom and asked for further instructions that the Clerk would tell the jury that the judge had to leave and that the jury would return on the following Monday at 9:45 a.m. for further proceedings in the case. It was further agreed that if the jury did not return with a verdict by 7:00 p.m., they would be recalled to the courtroom and dismissed by the Clerk to return on Monday at 9:45 a.m.

After the judge left on Friday afternoon, the jury knocked on the door and advised the bailiff that they wanted to come out. The jury returned to the courtroom and the bailiff relayed the issues from the jury to the Clerk. The Clerk inquired if the jury had agreed upon their verdict, hesitated a moment and nothing was said; the Clerk then, after observing the issues, said: "You answer the first issue yes and the second issue yes." A member of the jury then stated: "We haven't finished yet. We want to ask the judge a question." Thereupon the Clerk dismissed the jury and instructed them to return at 9:45 a.m. on Monday.

On the following Monday morning, the jury returned and the judge stated that he understood they had a question to ask the court. A juror replied that they would like for the court to charge them again on the third issue. The court proceeded to do so and the jury retired for further deliberations. Counsel for the caveators then made a motion that the court, in its discretion, declare a mistrial "for the reason that the verdict was purportedly taken and was announced to all the parties and that if the jury deliberates further, the jury would not know

that it would still have the right to change its answers to issues No. 1 or No. 2, and that it is a partial verdict."

Counsel for caveators then stated that if the court would call the jury back and instruct them to the effect that they still had the right to change their answers to issues one and two, the caveators "would have no more complaints." Thereupon the jury was recalled to the courtroom and the court gave additional instructions as follows:

"COURT: Members of the jury: in stating to you a few minutes ago, I just answered your question. Of course, the issues had been brought in, and the issues, as far as they went, had been read, but the court now charges you that you have not arrived at a verdict and you are not bound by what you have already done. You have a right to consider the whole case from start to finish, and if you should want to make any changes or feel that upon consideration that you ought to change what you have done up to now, you have a perfect right to do so, because you are considering the whole case as to what the outcome will be, and so you will consider all of the issues as you go into your further deliberation and come out with a complete verdict, with all issues answered or answered in accordance with the court's instructions.

You will remember that the burden is upon the propounders on the first issue to satisfy you by the greater weight of the evidence and that the burden is upon the caveators on the second and third issues to satisfy you by the greater weight of the evidence."

Thereafter, the jury returned to their room for further deliberations and eventually returned with a verdict answering the first issue yes and changing their answer to the second issue from yes to no.

We think the court in providing the instructions quoted above inadvertently expressed an opinion on the evidence in contravention of G.S. 1A-1, Rule 51(a), and that the error was prejudicial to propounders. Certainly this was true absent an instruction to the effect that it was not permissible for the court to express an opinion about the case and that nothing said or done by the court should be construed as an opinion.

Much has been written about Rule 51(a), the substance of which was enacted in 1796. Still pertinent today is the observa-

tion expressed by Justice Nash in *Nash v. Morton,* 48 N.C. 3, 6 (1855), as follows: "We all know how earnestly, in general, juries seek to ascertain the opinion of the judge trying the cause, upon the controverted facts, and how willing they are to shift their responsibility from themselves to the court." (Quoted with approval by Justice Walker in *Withers v. Lane,* 144 N.C. 184, 188, 56 S.E. 855 [1907].)

The trial judge occupies an exalted station, causing jurors to entertain great respect for his opinion and to be influenced easily by a suggestion coming from him. *State v. Belk,* 268 N.C. 320, 150 S.E. 2d 481 (1966). The probable effect upon the jury, and not the motive of the judge, determines whether a party's right to a fair trial has been impaired. *State v. Smith,* 240 N.C. 99, 81 S.E. 2d 263 (1954).

For the reasons stated, there must be a

New trial.

Judges HEDRICK and BALEY concur.