JOAN DUNLOW SPENCER v. WILLIAM RILEY SPENCER

No. 8310DC965

(Filed 4 September 1984)

**1. Trial § 10.1— requiring counsel to define "jealousy"—no favoritism toward witness**

The trial judge did not show undue favoritism toward the wife in a domestic relations case when he required the husband's counsel to define "jealousy" after counsel had repeatedly asked the wife whether she was jealous, the wife had already attempted to answer the question, and the wife had previously expressed her uncertainty as to what descriptions of her as "jealous" meant.

**2. Trial § 10.2— comment by court—no expression of opinion**

The trial judge did not express an opinion as to the credibility of a witness when he commented, "The jury is not to consider that last comment by counsel. The witness is under oath and the court assumes her testimony is truthful."

**3. Evidence § 14— physician-patient privilege—waiver by failure to object to testimony**

Defendant waived his objection to a psychiatrist's testimony on the ground of the physician-patient privilege by failing to object to such testimony at the trial.

**4. Appeal and Error § 42; Trial § 5.1— record on appeal—failure to include pretrial order—sequestration of witnesses**

Appellant failed properly to preserve his objection to a pretrial order concerning sequestration of witnesses where he failed to include the pretrial order in the record and there was no indication that he attempted to reconstruct any such order. Moreover, the decision to sequester lay within the trial court's discretion.

**5. Divorce and Alimony § 16.8— finding of no willful failure to support—not res judicata on issue of depression of income**

In a divorce action in which the "fault" issues were tried before a jury and a bench trial followed on issues of alimony and child support, a jury finding that defendant husband had not willfully failed to support plaintiff wife was not *res judicata* on the issue of defendant's depression of his income after the complaint was filed.

**6. Divorce and Alimony § 16.5— female staying with defendant—competency on reasonableness of living expenses**

In a proceeding to determine alimony and child support, cross-examination of defendant husband as to whether a certain female had been staying with him at his new apartment was properly permitted as bearing on the question of the reasonableness of defendant's living expenses. Furthermore, defendant failed to show that the trial court was influenced by such evidence.

**7. Divorce and Alimony § 24.9— child support—finding as to private school tuition—supporting evidence**

The evidence supported a finding by the trial court that private school tuition for the two minor children had been paid and could be paid in the future out of income from a dental laboratory partly owned by the children, and the trial court's failure to specify the dollar amount of tuition paid did not constitute reversible error.

**8. Divorce and Alimony §§ 18.16, 27— alimony and child support—counsel fees—wife represented by two attorneys**

The trial court did not abuse its discretion in its award of counsel fees to the wife in an action for alimony and child support because she had two attorneys present at the trial.

**9. Divorce and Alimony § 16.8— alimony and child support—insufficient findings**

The trial court's findings were insufficient to support its award of alimony and child support to the wife where (1) the court made no findings as to the total value of either the husband's or the wife's estate or as to the liquidity or income-producing potential of each estate; (2) the court found that the husband had intentionally depressed his income but failed to find that his reduction in income was primarily motivated by a desire to avoid his reasonable support obligations; (3) the court found that the husband's lifestyle was extravagant but failed to find that the excessive expenditures were motivated by a disregard for the marital obligation to provide reasonable support; and (4) the court's finding regarding the husband's depression of his income was based upon an incorrect interpretation of the evidence.

**10. Rules of Civil Procedure § 65— continuance of temporary order—necessity for specific findings**

A temporary order in a divorce and alimony case enjoining the transfer of certain marital assets could not be continued by the court's adoption of those provisions of the temporary order not inconsistent with its final order. G.S. 1A-1, Rule 65(d).

APPEAL by defendant from *Creech, Judge.* Judgment entered 1 April 1983 in District Court, WAKE County. Heard in the Court of Appeals 6 June 1984.

*Boyce, Mitchell, Burns & Smith, P.A., by G. Eugene Boyce, Carole S. Gailor, and Susan K. Burkhart, for defendant appellant.*

*Manning, Fulton & Skinner, by John B. McMillan and Robert S. Shields, Jr., for plaintiff appellee.*

BECTON, Judge.

Defendant husband appeals from a final judgment in a contested divorce action. Principally because the trial court's findings relative to alimony are insufficient, we reverse and remand.

### THE FACTS

Plaintiff Joan D. Spencer (wife) and defendant William R. Spencer (husband) married in 1966. Husband had recently begun a dental practice, while wife worked as a secretary. In 1968 and 1970, children were born of the marriage, and wife ceased work outside the home. Husband became increasingly involved with his practice and associated professional activities, as well as a succession of business ventures. As a result, tension developed in the marriage: wife in particular felt that husband spent too much

time away from the family and paid too little attention to her. The couple underwent counselling, but this proved ineffective. The family continued to maintain a comfortable suburban lifestyle, however, with a large house, a beach cottage, club memberships, private school for the children, and more.

In 1981, after a period of increasing concern on wife's part about husband's lack of affection and about family finances, a dispute arose over a $70,000 certificate of deposit. The certificate represented the proceeds of entireties property. Husband, who controlled family finances, originally had only his name put on it. Wife successfully insisted on having her name put on the certificate and then took and retained physical possession thereof, despite husband's demands for its negotiation.

Shortly thereafter, wife filed suit for divorce from bed and board, custody of the two children, temporary and permanent alimony and child support, equitable distribution, and counsel fees. Husband answered seeking divorce from bed and board, custody, and equitable distribution.

On 2 July 1982 the District Court entered an order pendente lite awarding wife temporary custody with visitation rights, temporary alimony and child support, and enjoining transfer of certain marital assets.

The cause came on for trial in two parts. The first was before a jury on the "fault" issues of whether husband had offered indignities to the person of wife and whether husband had willfully failed to provide wife necessary subsistence. Wife offered evidence of various indignities by husband, including aloofness, excessive criticism and regimentation of their marriage, denial of sexual relations, relationships with other women, threats of financial ruin, and general lack of caring. Husband offered contrary evidence of wife's excessive criticism, alcoholism, irrational jealousy and of his continuing love and concern for wife. The jury found that husband had in fact offered indignities so as to render wife's condition intolerable and her life burdensome, although it found that husband had *not* willfully failed to support her.

A bench trial followed on the issues of permanent alimony, child support and counsel fees. Both parties presented evidence regarding their living expenses, property, and income. The court

awarded wife the family residence, custody of the children, $2,800 per month in alimony and child support, and other relief. In addition, the trial court ordered husband to pay approximately $30,000 in counsel fees. It also continued in effect all portions of the order pendente lite which did not conflict with the final order, which resulted in continuing the injunction against disposition of marital property. No equitable distribution of the marital property was ordered, nor was the issue set for further hearing.

Husband thereafter moved for relief from the injunctive and visitation provisions of the order pendente lite. The court ruled that it could not modify the order pendente lite since it had been adopted into the final order from which husband had taken a pending appeal.

Husband now appeals from the two trials and the subsequent order of the court. Further facts are set out as necessary in the opinion.

## THE JURY TRIAL

### I

As his principal assignment of error to the jury trial, husband contends that the trial court abused its discretion and showed undue favoritism during the course of his cross-examination of wife. Husband catalogues numerous acts and omissions of the trial judge, arguing that the numbers alone show favoritism, as well as pointing out several comments by the judge, all of which he contends improperly constituted an expression of an opinion on the merits.

We have reviewed the transcript carefully and find no prejudicial judicial conduct when we consider, as we must, all the facts and circumstances of the case. *See State v. Holden*, 280 N.C. 426, 185 S.E. 2d 889 (1972). The record shows that counsel for husband subjected wife to an exhaustive and aggressive examination. Not surprisingly, considering the issues at trial, this resulted in confused and emotional answers on her part. At no time, however, did the trial judge express any sympathy for wife's emotional state in the presence of the jury. Only once did the trial judge suggest a recess to allow wife to regain her composure. Considering the length of time wife was on the stand—260 pages of tran-

script taken over three days — and the nature of the case, we do not find any error in the "score card" presented by husband.

[1]  Nor do the specific errors alleged constitute reversible error. Husband stresses one exchange, during which the trial judge required his counsel to define "jealousy," as indicative of the judge's protectionism of the wife and irritation with the husband. However, the exchange came only after defense counsel had repeatedly asked wife whether she was jealous, wife had already attempted to answer the question, and had in fact substantially answered it, *and* after wife had previously expressed her uncertainty as to what others' descriptions of her as "jealous" meant. We discern no favoritism.

[2]  The other major exchange cited by husband occurred at the end of cross-examination when wife responded to defense counsel's persistent questioning regarding whether or not she had faults by asking, "What kind of faults do you want?" Defense counsel replied, "I only wanted the truth, but—" and ended her questioning. In sustaining an objection and allowing a motion to strike counsel's remark, the judge commented, "The jury is not to consider that last comment by counsel. The witness is under oath and the court assumes her testimony is truthful." Defense counsel apologized; the trial judge then invited defense counsel to argue, in any appropriate way, any reasons to think the witness was not being truthful. Husband claims prejudicial error, arguing that the trial judge unfairly expressed an opinion as to the credibility of the witness. We disagree.

We do not approve of the trial judge's remark, of course, but not every ill-advised comment constitutes prejudicial error. *State v. Holden.* In context the comment about assumed truthfulness appears to be nothing more than an indication of the trial court's willingness to take defense counsel's insinuation of perjury at face value. The statement is entirely consistent with the longstanding and sacred function of oaths as guarantees of truthfulness, subject to punishment by the laws of God and man. *See Shaw v. Moore,* 49 N.C. (4 Jones) 25 (1856). We think the jury understood it as such especially in light of the trial court's explicit jury instruction later on, which emphasized to the jury their role as judges of the credibility of the witnesses. We note that the trial judge in no way "unequivocally endorsed" the credibility of the

witness. *See In re Will of Holcomb*, 244 N.C. 391, 93 S.E. 2d 454 (1956).

The cases cited generally by husband do not compel a finding of prejudicial error. In *Worrell v. Hennis Credit Union*, 12 N.C. App. 275, 182 S.E. 2d 874 (1971), unlike here, the trial judge, repeatedly and on his own motion, sustained objections to and struck one side's evidence, in a persistently antagonistic manner. And in *In re Will of York*, 18 N.C. App. 425, 197 S.E. 2d 19, *cert. denied*, 283 N.C. 753, 198 S.E. 2d 729 (1973), the trial judge erred when he instructed the jury that they could change the answers to two issues already answered, after the jury had been in recess over the weekend, without cautioning them that he expressed no opinion theory. No such extenuating circumstances appear in this case. In closing our discussion of this assignment of error, we observe that the trial judge has broad discretionary power to control the trial of cases before a jury. *Miller v. Greenwood*, 218 N.C. 146, 10 S.E. 2d 708 (1940). Husband has failed to show any abuse of that discretion, and this assignment of error is therefore overruled.

## II

[3] Shortly after the original filing of the Complaint, husband and wife attended marriage counselling together. Wife called the counsellor, a psychiatrist, to testify regarding his general evaluation of the marriage. Husband now contends that the testimony was privileged and that, therefore, the trial court erred in admitting it. *See* N.C. Gen. Stat. § 8-53 (Supp. 1983) (physician-patient privilege). However, he entirely failed to object on these grounds at trial. It is well-established that, except in certain circumstances not applicable here, failure to object to the admission of evidence at the time it is offered waives the objection. 1 H. Brandis, *North Carolina Evidence* § 27 (2d rev. ed. 1982); N.C. Gen. Stat. § 8C-1, Rule 103(a)(1) (Supp. 1983). A review of cases decided under G.S. § 8-53 (Supp. 1983) clearly indicates that the physician-patient privilege may be waived either expressly or impliedly. *See Neese v. Neese*, 1 N.C. App. 426, 161 S.E. 2d 841 (1968). Husband waived the privilege by failing to raise it at trial; this assignment of error is accordingly without merit.

### III

[4]  Husband's final assignment of error to the jury trial concerns sequestration of one of wife's witnesses, who later testified as a rebuttal witness. He contends that he properly objected to the pretrial order which allowed the witness in the courtroom. However, no copy of the pretrial order appears in the record. The trial judge repeatedly stated his recollection that defendant had stipulated to the presence of the witness. On this record we hold that husband has failed to properly preserve his objection. As the appellant, he had the responsibility of seeing that the record was properly prepared. *Tucker v. General Telephone Co.*, 50 N.C. App. 112, 272 S.E. 2d 911 (1980). He failed to include the pretrial order in the record, nor is there any indication, by affidavit or stipulation, that he attempted to reconstruct any such order. We have cautioned litigants in the past to ensure that the decisions reached at pretrial conference are reduced to an agreed writing. *Amick v. Shipley*, 43 N.C. App. 507, 259 S.E. 2d 329 (1979).

Assuming, *arguendo*, that the trial judge's recollection was incorrect, the decision to sequester still lay within the trial court's discretion. *Stanback v. Stanback*, 31 N.C. App. 174, 229 S.E. 2d 693 (1976), *disc. rev. denied*, 291 N.C. 712, 232 S.E. 2d 205 (1977). Having reviewed the record, and in view of the brief and straight-forward testimony given by the witness, we do not find sufficient prejudice to lead us to conclude that the trial court abused that discretion. Therefore, we conclude that the jury portion of the proceedings was unaffected by prejudicial error.

### THE BENCH TRIAL

### I

[5]  Husband contends that the jury's answer "No" to the issue of willful non-support constituted *res judicata*, and that, therefore, the trial court erred by considering depression of his income in determining the proper amount of alimony. We agree that once a fact has been decided by a jury, it is conclusive and may not be questioned by the parties as long as the judgment or decree remains unreversed. *Stansel v. McIntyre*, 237 N.C. 148, 74 S.E. 2d 345 (1953). However, as husband repeatedly and correctly pointed out at the jury trial, that trial, and therefore the resultant verdict, concerned only fault *before* the filing of the Complaint on 6

January 1982. It did *not* relate to wife's *present* reasonable need for support *after* the filing of the complaint. That was the focus of the bench trial.

Of the trial court's factual findings on depression of income, only one relates to events *before* the filing of the Complaint on 6 January 1982. That involved the purchase of shares of CP&L stock on 31 December 1981, and also included a finding that husband's corporation still, *i.e.*, presently, owned the stock. Since the stock represented easily liquidated past corporate earnings which husband could readily have paid to himself on demand after 6 January 1982, it may reasonably be inferred that he depressed his actual salary payments after 6 January 1982 by keeping said earnings invested in the stock. We therefore conclude that this finding related to wife's present reasonable need for support after the filing of the Complaint, and that the trial court did not violate principles of *res judicata*.

II

[6] During cross-examination, husband was asked if another woman had spent the night with him at his new apartment. Wife's counsel argued that the questions would shed light on the reasonableness of husband's present living expenses, while husband's counsel argued that the question improperly touched on an alleged adulterous relationship. Husband now assigns error to the overruling of his objection. In a trial by the court sitting as finder of fact, we presume that the trial judge disregards incompetent evidence. 1 H. Brandis, *supra*, § 4a (2d rev. ed. 1982). On appeal, it must be shown that the trial judge was affirmatively influenced by the incompetent matter to justify a finding of prejudicial error. *Stanback v. Stanback.* The trial judge allowed questions as to regular visits, but excluded questions about single visits, explaining repeatedly that the only reason for allowing such examination at all was to determine the effect, if any, on husband's living expenses. We find this approach entirely logical and can discern no error. Husband has failed to show how, if at all, the questions influenced the trial court, and the assignment of error is accordingly overruled.

III

**[7]**  Husband objects to findings regarding payment of private school tuition for the two minor children out of income from a dental laboratory partnership. The trial court found that the lab, 50% owned by the children, received its work from husband's corporation. The trial court also found that the lab "provided *the* income for the minor children's education" at a private school (emphasis added), and later found that "*most* of the costs" of the private school tuition were paid out of the lab income. (Emphasis added.) Husband contends that these amounted to an erroneous finding that *all* the tuition, the total amount of which was not specified in the order, was paid out of lab income.

When findings are actually antagonistic, inconsistent, or contradictory such that the reviewing court cannot "safely and accurately decide the question," the judgment cannot be affirmed. *Lackey v. Hamlet City Bd. of Ed.*, 257 N.C. 78, 125 S.E. 2d 343 (1962). However, this Court must endeavor to reconcile apparently inconsistent findings and uphold the judgment when practicable. *Id.*; *Davis v. Ludlum*, 255 N.C. 663, 122 S.E. 2d 500 (1961). We can harmonize these apparently conflicting findings quite easily by avoiding husband's unduly literal stress on the word "the" in the first cited finding. The findings thus become reconcilable: they clearly reflect the trial court's conclusion that the major portion of the tuition costs had been paid, and could in the future be paid, out of the lab partnership's profits.

Turning to the basis of the findings, they are conclusive if supported by any competent evidence, even though the record may contain evidence *contra. Little v. Little*, 9 N.C. App. 361, 176 S.E. 2d 521 (1970). The trial court had before it evidence sufficient to support the findings on tuition. Husband's own Exhibit 17 at the bench trial showed total average tuition costs of some $3,500 over the preceding three years, and partnership income tax returns showed total guaranteed payments to the minor children averaging over $5,000 per year. Husband himself testified that the children's profits ranged between $1,600 and $2,700 per year, although he did not specify whether this was total or per child. This evidence adequately supports the finding that the partnership had paid most of the tuition costs.

We also do not believe that the trial court's failure to specify the dollar amount of tuition paid constitutes reversible error. The critical question was not the actual amount of tuition but whether the partnership, over which husband exercised substantial control, could cover the tuition costs, thereby avoiding payment of any substantial portion of tuition costs out of husband's personal cash income, the likely source of any award of alimony. We therefore hold that the challenged findings are sufficiently detailed to enable us to determine that the trial court correctly applied the law to this issue. *See Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982) (discussing specificity requirements). The assignment of error is overruled.

## IV

[8] Husband also assigns error to the award of counsel fees to wife, principally on the basis that she had two attorneys present at trial and that the award was therefore duplicative. Husband does not contest wife's entitlement to counsel fees, and the record amply supports the trial court's finding of such entitlement. Once it is determined that counsel fees are properly awarded in an alimony case, the *amount* of the award lies within the discretion of the trial judge and is reviewable only for an abuse of discretion. *Clark v. Clark*, 301 N.C. 123, 271 S.E. 2d 58 (1980); *Stickel v. Stickel*, 58 N.C. App. 645, 294 S.E. 2d 321 (1982). The trial judge observed the conduct of counsel at trial and their various submissions. The hotly-contested trial and the allied proceedings took up some 12 volumes of transcript, 90 pages of printed record, and over 300 pages of exhibits.[1] Wife presented expert testimony on the representative costs of legal services for domestic cases in the area; the fees awarded fell within that range. On this record we cannot say that the court abused its discretion. We follow *Stickel*, in which we upheld an award of counsel fees to a litigant who had two attorneys at trial.

---

1. Considering the ninety (90) plus page briefs filed by each of the parties, including a thirty-six (36) page recitation of facts by the appellant, we feel compelled to caution the bar that litigants on appeal should not abuse the privilege now accorded by our appellate courts of not imposing length limitations on briefs. Many state courts, although allowing exceptions in some cases, impose strict length limitations on briefs. *See* R. Leflar, *Internal Operating Procedures of Appellate Courts* (1976). And of course, the federal courts are bound by Rule 28(g) of the Federal Rules of Appellate Procedure which, in relevant part, states: "Except by permission of the court . . . principal briefs shall not exceed 50 pages. . . ."

There was evidence that approximately five hours were billed, and apparently awarded, for attorney time spent by wife's second law firm in familiarizing itself with the case after the first law firm had withdrawn. This appears to be *de minimis* with respect to the total award, however. And we also note that wife went without counsel for approximately a month in between. We therefore decline to overturn the award; husband has shown no abuse of discretion.

V

[9] Having found no error so far, we now turn to the trial court's findings with regard to the proper amount of alimony and child support to be awarded wife. We agree with husband that certain findings essential to a proper award are missing.

The policy and purpose of the various requirements for findings of fact in this type of case have been exhaustively elucidated by our Supreme Court and need not be repeated here. *See Quick; Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980). The trial judge must at least make findings sufficiently specific to indicate proper consideration of each of the factors established by N.C. Gen. Stat. § 50-16.5(a) (1976) for a determination of an alimony award, and by N.C. Gen. Stat. § 50-13.4(c) (1976) for a determination of child support. *Quick; Coble.* The trial judge failed to do so in the present case. The existence of evidence in the record from which such findings *could* be made cannot remedy this failing. What the evidence *does* in fact show is for the trial court to determine, not this Court. *Quick.*

A

Despite evidence that the parties owned substantial property both individually and jointly and despite evidence that husband's corporation and other assets were heavily encumbered by debt, the trial court made no findings as to the total value of either husband's or wife's estate, their liquidity or income-producing potential. *Quick* unequivocally requires such findings. Wife's argument that the value of the estates was undisputed, and that therefore no findings were required, misses the point: the value of the estates, whether controverted or not, still bears on the essential questions of ability to pay and fairness to both parties. *See Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976).

## B

After finding that husband had intentionally depressed his income, the trial court concluded that he had the capacity to draw a larger salary and made its alimony award accordingly. In so doing it omitted the essential finding that husband's reduction in income was primarily motivated by a desire to avoid his reasonable support obligations. *Quick; Bowes v. Bowes*, 287 N.C. 163, 214 S.E. 2d 40 (1975). Absent such a finding, the trial court must determine alimony based on husband's income alone, not his earning capacity. *Id.* The record contains considerable evidence that husband structured his salary payments to reduce payment of income tax, rather than necessarily to avoid paying support. Therefore, the absence of the finding on intent constitutes error.

## C

The trial court did find that husband's lifestyle was extravagant. Wife argues that this satisfies the requirement of findings on intent. We disagree. *Beall* requires findings that the excessive expenditures are motivated by a disregard for the marital obligation to provide reasonable support before the trial court may base an award on earning capacity. The finding that husband's lifestyle was extravagant is not sufficiently detailed to support wife's argument in any event. The evidence conflicted as to what constituted husband's necessary expenses, and the trial court made no specific findings as to what it considered extravagances. Again, there is evidence in the record from which we *could* find that certain expenditures were extravagant, but that determination properly rests with the trial court. *Quick.* More specific findings on this issue should be made upon remand.

## D

The trial court made the following finding of fact regarding husband's depression of income:

> Out of his $5,000.00 per month salary, he is withholding for taxes the sum of $1,960.00 when a more realistic figure would be approximately $540.00 per month. The present rate of withholding will result in the defendant having withheld for the year 1983 almost twice as much as his accountant has determined the parties will have to pay in taxes for 1982 not

even taking into account alimony deductions which will be available to defendant in 1983 and future years.

The accountant's testimony, on which this entire finding is based, clearly shows that the $540 figure would be appropriate only if husband filed a separate return and deducted $29,000 in alimony payments. The finding regarding the ratio of 1982 taxes to 1983 taxes is also not supported by competent evidence. Accordingly, this finding represents an incorrect interpretation of the evidence and must be stricken.

### E

Wife contends that a separate finding establishes that husband is "reasonably able to pay" $2,000 per month in alimony, and that husband has not brought his exception thereto forward and so it is now conclusively established. *See* 4A N.C. Gen. Stat. App. I (2A), N.C. R. App. P. 10(c) (Supp. 1983). The excepted finding precedes another excepted but unargued finding, which essentially recites that the $2,000 figure was reached with due regard to the factors set out in G.S. § 50-16.5(a) (1976). Since we have already held that the trial court failed to consider all of the statutory factors, and since *Quick* imposes certain standards of specificity on findings as to those factors, we reject wife's argument. Although husband could have better preserved his exceptions, he did properly bring forward his challenges to the trial court's consideration of the statutory factors. Therefore, we hold that these findings do not affect the result that the findings as a whole are insufficient.

### VI

[10]    As part of its judgment the trial court adopted those provisions of the temporary order not inconsistent with the final order. This effectively continued an injunction against the disposition of certain marital assets. Husband asserts that this constituted error, since a final order in a divorce proceeding renders any order pendente lite void. *See Yow v. Yow*, 243 N.C. 79, 89 S.E. 2d 867 (1955).

We agree, but for a different reason. The injunctive portion of the order is governed by N.C. Gen. Stat. § 1A-1, Rule 65(d) (1983), which provides: "Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms;

[and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts enjoined or restrained. . . ." In *Gibson v. Cline*, 28 N.C. App. 657, 222 S.E. 2d 478 (1976), we ruled that a temporary restraining order could not be continued by simply reciting as reasons that the court had read the order and complaint and heard argument. Mere adoption by reference, as in the present case, clearly does not suffice. *Compare under similar federal rule H. K. Porter Co., Inc. v. Nat'l Friction Products Corp.*, 568 F. 2d 24 (7th Cir. 1978) (incorporation of earlier agreement insufficient); *Meltzer v. Bd. of Public Instruction of Orange County*, 480 F. 2d 552 (5th Cir. 1973) (order requiring continued compliance with earlier order insufficient). Therefore this portion of the final order is erroneous. We note that both parties requested an equitable distribution, but the final order neither attempts such a distribution nor sets it for later disposition. On remand, then, the trial court must also resolve this issue.

RESULT

The disposition of the issues discussed above renders husband's remaining assignments of error moot. The appropriate relief on remand now becomes the question. Following the result in *Quick* appears unduly harsh and wasteful: in *Quick* the findings were "woefully inadequate" in many respects, and the Supreme Court accordingly vacated the order *in toto*. In the present case, however, although there are deficiencies in the final order, it does represent a conscientious effort to reduce to final judgment the results of a lengthy trial and a voluminous record. It would be pointless to go back to the beginning. Therefore, we remand for consideration of the errors pointed out above, including further hearing to the extent necessary. *See Daniel Boone Complex, Inc. v. Furst*, 43 N.C. App. 95, 258 S.E. 2d 379 (1979), *disc. rev. denied*, 299 N.C. 120, 261 S.E. 2d 923 (1980).

As to the jury trial,

No error.

As to the bench trial, .

Reversed and remanded.

Judges HILL and BRASWELL concur.